## Simmons v. Weisenthal

*A. Martin Herring*, for plaintiffs.

*David F. Kaliner*, for defendant.

GRIFFITHS, J., December 20, 1962.—The question presented to us, raised by defendant's motion for judgment on the pleadings, is the inception date for the running of the two year statute of limitations in cases involving injuries to infants *en ventre sa mere*. In the case before us, a pregnant woman fell on defendant's premises on May 12, 1960. The infant was born September 28, 1960. The above-captioned suit was started on June 12, 1962, within a two year period of the date of birth but beyond such period from the date of the fall. If the statute of limitations runs from the date of the fall, the motion of defendant for judgment on the pleadings should be granted.

Since the pioneer case of Dietrich v. Inhabitants of Northampton, 138 Mass. 14 (1884), when Justice

Holmes denied recovery for prenatal injuries, decisions in our country on such subject have been legion. Our State denied recovery in Berlin v. J. C. Penney Company, Inc., 339 Pa. 547 (1940). However, this decision was overruled in Sinkler v. Kneale, 401 Pa. 267 (1960). Sinkler, as do cases in other States, allows recovery for injuries sustained at any time *after conception*, as distinguished from cases in other jurisdictions holding that at the time of the injury plaintiff must be an existing viable child. We do not believe, however, that the question of the running of the statute turns on this issue.

Counsel for both parties primarily have resolved their arguments around the proper application of the malpractice cases, the most recent of which is Ayes v. Morgan, 397 Pa. 282 (1959). There a physician operated on plaintiff on April 20, 1948. It was not until January 3, 1957, however, that plaintiff was discovered, upon surgery, to contain a sponge, left at the time of the initial operation. It was held that the statute ran from January 3, 1957. The malpractice cases clearly involve an element of *concealment*, unknown until discovered or discernible. In the prenatal cases, the date and time of the injury is known, although the nature and extent of injury, if any, is not discoverable until birth. While the cases are somewhat analogous, and, indeed, the malpractice cases, insofar as the statute of limitations is concerned, might by some courts be held to control the case, we believe there is a more fundamental reason to overrule defendant's motion for judgment on the pleadings.

It is apparent that liability for a prenatal injury attaches at the earliest possible time upon birth of the infant, whether recovery is allowed for a live or a still birth. If liability does not attach until birth, whether alive or still, there is what has been termed "an implied condition" that the child be born. We do not see, there-

fore, how the statute of limitations can possibly begin to run until fulfillment of the implied condition that the child be born, at which time liability will attach. Until there is liability there can be no right upon which an action could be brought, and until a right exists the statute cannot run.

This has been demonstrated and, we believe, is impliedly written into the case law. Justice Holmes, although denying liability for a prenatal injury in Dietrich, termed this liability as "conditional prospective liability in tort" (p. 16). On April 4, 1960, the Massachusetts Supreme Judicial Court, in Keyes v. Construction Service, Inc., 340 Mass. 633, spoke further on the subject, in sustaining recovery in a prenatal injury case, and, in referring to a now famous Illinois dissenting opinion stated: (p. 636).

"A dominant influence on past and current opinion has been the dissenting opinion of Mr. Justice Boggs in Allaire v. St. Luke's Hosp. 184 Ill. 359, 368 (1900), a case in which the decision of the majority denying recovery was later reversed in Amann v. Faidy, 415 Ill. 422. Judge Boggs concluded (p. 374) that 'whenever a child in utero is so far advanced in prenatal age as that, should parturition by natural or artificial means occur at such age, such child could and would live separable from the mother and grow into the ordinary activities of life, and is afterwards born and becomes a living human being, such child has a right of action for any injuries wantonly or negligently inflicted upon his or her person at such age of viability, though then in the womb of the mother.' Stated somewhat differently, the dissenting opinion suggests that what Judge Holmes termed a conditional prospective liability is created when an unborn child, who has become a separable living entity, is injured by the wanton or negligent act of another, *and that liability attaches on fulfilment of an implied condition that the*

*child be born alive.* This substantially is now held to be the law by a majority of the State appellate courts and by the District Court of the United States for the District of Columbia." (Italics supplied.)

We may also clearly infer such *implied condition that the child be born* from the language in a case decided in the Supreme Court of Canada in 1933 in Montreal Trainways v. Leveille, 4 D. C. R. 337, 345, where the court stated:

"If a child *after birth* has no right of action for prenatal injuries, we have a wrong inflicted for which there is no remedy, for, although the father may be entitled to compensation for the loss he has incurred and the mother for what she has suffered, yet there is a residuum of injury for which compensation cannot be had save at the suit of the child. If a right of action be denied to the child it will be compelled, without any fault on its part, to go through life carrying the seal of another's fault and bearing a very heavy burden of infirmity and inconvenience without any compensation therefor. To my mind it is but natural justice that a child, *if born alive and viable,* should be allowed to maintain an action in the Courts for injuries wrongfully committed upon its person while in the womb of its mother." (Italics supplied.)

As determination of the above issue does not depend on granting or denying liability for a stillborn infant, or whether the fetus is viable or nonviable at the time of the injury, we do not discuss these questions.

A petition of plaintiff to amend the caption and pleadings to include the child's claim in another suit brought by the mother, is not germane to these proceedings and we do not discuss the effect, if any, of granting or refusing such petition, although we understand such matter has not yet been decided.

For the reasons set forth by virtue of the authorities cited above, it seems to us the statute of limitations

does not begin to run until the time of birth, and, therefore, a suit started within two years of such birth is within the period allowed by law.

Wherefore, we enter the following

*Order*

And now, December 20, 1962, defendant's motion for judgment on the pleadings is overruled.