Frank W. Mathis, Plaintiff-Appellant, v. Dr. William F. Hejna and the Presbyterian-St. Luke's Hospital, Defendants-Appellees.

Gen. No. 52,213.

First District, Fourth Division.

April 16, 1969.

Barbera and Friedlander, of Chicago (Dom J. Rizzi, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (Perry L. Fuller, D. Kendall Griffith, and Dennis J. Horan, of counsel), and William P. Nolan, Pretzel, Stouffer, Nolan & Rooney, of Chicago (Joseph B. Lederleitner, of counsel), for appellees.

MR. JUSTICE STAMOS delivered the opinion of the court.

This is an appeal from a judgment dismissing plaintiff's complaint for malpractice. Plaintiff's complaint was in two counts: Count I alleging specific negligence; Count II sounding in res ipsa loquitur.

The complaint was filed on September 8, 1966, alleging that on or about September 19, 1963 the defendants, Dr. Hejna and certain agents, servants and employees of Presbyterian-St. Luke's Hospital, performed a myelogram upon plaintiff while he was a patient at defendant hospital.

Myelography is a diagnostic procedure wherein a dye substance, such as pantopaque (the dye used in this case) is injected into the spinal canal as a contrast medium and the image created by the contrast medium is studied on a fluoroscopic screen, image amplifier or X-ray television screen.

Plaintiff alleged, inter alia, that the defendants were negligent in that they permitted pantopaque, which is a foreign substance other than flesh, blood or bone, to remain in plaintiff's body thereby causing him to contract arachnoiditis. The complaint further alleged that plaintiff was unaware of defendants' negligence until within a period of less than two years preceding the date this suit was commenced.

The defendants moved to dismiss the complaint on the ground that it was barred by Ill Rev Stats, c 83, § 15 (1967), which states in pertinent part that all actions for personal injuries must be brought within two years from the date of the injury.

To avoid the two year bar of section 15, plaintiff urges that Ill Rev Stats, c 83, § 22.1, is controlling in this action. Section 22.1 provides that a cause of action for negligently permitting a foreign substance to remain in the body of a living human being does not accrue until the injured party knew or should have known of the injury. By urging that this action is covered by section 22.1 rather than section 15 plaintiff argues that pantopaque is a foreign substance within the meaning of section 22.1 and thus the statute of limitations was tolled until plaintiff "knew or should have known" of his alleged injury.

The trial court rejected plaintiff's contention and ruled as a matter of law, that pantopaque was not a foreign substance within the meaning of section 22.1 and accordingly plaintiff's complaint was barred by section 15 of the statute of limitations.

██ Since the judgment which plaintiff is appealing was entered pursuant to defendants' motion to dismiss the complaint, all well pleaded facts must be taken as true. Miller v. Veterans of Foreign Wars of United States, 56 Ill App2d 343, 206 NE2d 316 (1965). The complaint reveals: Plaintiff was free from contributory negligence; plaintiff was injured and suffered damage as a result of the introduction of pantopaque into his body; that pantopaque was negligently permitted to remain in his body; and plaintiff neither knew nor should have known of the facts of the injury to his body until within a period of less than two years preceding the date of filing his lawsuit.

The issue presented on appeal is whether pantopaque is a foreign substance within the meaning of the following statute; Ill Rev Stats, c 83, § 22.1 (1965) which provides:

> Whenever in the course of any medical, dental, surgical or other professional treatment or operation, any foreign substance other than flesh, blood or bone, is is introduced and is negligently permitted to remain within the body of a living human person, causing harm, the period of limitation for filing an action for damages does not begin until the person actually knows or should have known of the facts of hurt and damage to his body. . . .

Defendants contend that the legislative intent in enacting this statute was to extend the period in which an action may be filed only in those instances in which an item is unwittingly mislaid in the body, when it was not anticipated or expected that any object would be left in the body permanently; and that the Legislature

did not intend to include well-established medical procedures which require that a foreign substance or some part of it remain in the body.

■■ Statutes of limitation, like other statutes, must be construed in the light of their objectives; they are liberally construed to fulfill the object for which they were enacted. Geneva Const. Co. v. Martin Transfer & Storage Co., 4 Ill2d 273, 122 NE2d 540 (1954); Thornton v. Nome and Sinook Co., 260 Ill App 76 (1931). The intention of the Legislature is to be determined more from the consideration of the general object and purpose for which the statute was enacted than from technical definitions. Tidwell v. Smith, 57 Ill App2d 271, 205 NE2d 484 (1965).

In Mosby v. Michael Reese Hospital, 49 Ill App2d 336, 199 NE2d 633 (1964), the defendant hospital left a surgical needle in the body of the plaintiff during the course of an operation which was not discovered until after the statute of limitations had run. The court held that the plaintiff's cause of action accrued when she suffered the injury and not when the injury was discovered.

The court in Mosby commented at page 342:

> We cannot do what the legislature has failed to do and the order dismissing the plaintiff's complaint must be affirmed. We are not pleased with this result. The statute barred the plaintiff's claim before she knew she had been wronged. The defendant's admitted negligence was not ascertainable to her—she presumably was under anesthetic when it took place—and she certainly has not slept on her rights. It would be more equitable if the commencement of the limitation period were delayed until she discovered the reason for her illness, but the statute does not permit the construction necessary to obtain this equitable result.

Ill Rev Stats, c 83, § 22.1 (1965) was adopted to achieve the more equitable result as suggested by the court in

Mosby, that the cause of action accrues when the party "knew or should have known" of the injury.

■ The legislative intent in enacting Ill Rev Stats, c 83, § 22.1, was to adopt the "knew or should have known" rule in malpractice cases. If the legislature intended the statute to apply only to those cases in which sponges, needles, clamps, and like items are negligently left in the body of a patient, as the defendants contend, they would have chosen different wording to express that intent.

In Prince v. Trustees of University of Pennsylvania, 282 F Supp 832 (1968) the court in dicta discussed the purpose of the "knew or should have known" rule. The court at page 843 stated:

> The purpose of the "discovery rule" is clear: it is to prevent the plaintiff from being penalized unfairly for failing to redress an injury, the cause of which he could not reasonably have known.

The Illinois statute provides in part ". . . any foreign substance other than flesh, blood or bone. . . ." We think the facts, as pleaded, come within the technical definition of the statute as well as the object and purpose of the statute. "Any" is defined as being one indiscriminately of whatever kind. "Foreign" is an adjective used to modify substance. "Other than" has been construed to create an exception. Schmude v. Hansen, 28 Wis2d 326, 137 NW2d 61 (1965). Although "substance" is not explicitly defined, it is defined by implication. "Substance" is any matter or thing other than flesh, blood or bone. Since pantopaque is a substance other than flesh, blood or bone, we hold it is a foreign substance within the meaning of the statute.

Defendants cite as authority Rothman v. Silber, 90 NJ Super 22, 216 A2d 18 (1966) for the proposition that pantopaque is not a foreign substance. In Rothman, plaintiff sued defendants for the negligent administra-

361

tion of an anesthetic, which plaintiff alleged was neither "known nor should have been known" until the statute of limitations had run. The Rothman court held that anesthetic was not a foreign substance so as to extend the period of the statute of limitations until the plaintiff knew or should have known of the injury. New Jersey does not have a statute such as the statute involved in the present appeal. The "knew or should have known" rule was an exception to the statute of limitations carved out by judicial decision. Fernandi v. Strully, 35 NJ 434, 173 A2d 277 (1961). Besides being distinguishable because there was no statute in Rothman to guide in the determination of that case, it is also distinguishable on its facts. In Rothman, the court said, ". . . [the knew or should have known rule was] never intended to apply to such a drug (anesthetic) . . . . A drug . . . loses its identity quickly after injection or ingestion." Anesthetics may well lose their identity after injection; pantopaque, however, does not lose its identity.

Defendants also argue that the complaint was properly dismissed since, medically, it is seldom possible to remove the pantopaque completely, and, in fact, it might not be desirable to try to do so. This could, of course, become a fit subject of proof, but the argument misses the point that the only pantopaque with which the complaint is concerned is that which is alleged to have been permitted to remain through negligence.

Since plaintiff's complaint alleged that the injury was caused by defendants' negligence in permitting a foreign substance to remain in plaintiff's body, of which he neither "knew nor should have known" until within two years of the filing of this lawsuit, the trial court erred in dismissing the complaint.

Reversed and remanded.

DRUCKER, P. J. and ENGLISH, J., concur.