ALDEN R. BURGDORFF, Plaintiff-Appellant, *v.* DR. EDIR B. SIQUEIRA, Defendant-Appellee.

First District (5th Division)  No. 81—2541

Opinion filed September 17, 1982.

Edward L. Osowski, of Chicago, for appellant.

French, Rogers, Kezelis & Kominiarek, P. C., of Chicago (Richard G. French, Michael C. Kominiarek, and Michael J. Hennig, of counsel), for appellee.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

In this medical malpractice action, plaintiff appeals from separate orders granting defendant's motion for summary judgment and denying his motion to amend the complaint. Plaintiff's two-count complaint, filed October 28, 1977, was based upon negligence and wilful and wanton misconduct and sought the recovery of his economic loss alleging in substance that on July 2, 1973, while he was a patient of defendant, he was wrongfully advised to seek early retirement because his prognosis for work was poor, when in fact defendant believed there was nothing wrong with him at that time. The trial court granted defendant's motion for summary judgment on the basis that the action was barred by the 4-year statute of limitations (Ill. Rev. Stat. 1977, ch. 83, par. 22.1), and the court subsequently denied plaintiff's combination motion for rehearing and for leave to amend his complaint on its face to allege February 14, 1977, as the discovery date upon which he became aware of the malpractice.

We first address plaintiff's contention that the 4-year period provided for in section 21.1 of the medical malpractice statute of limitations (Ill. Rev. Stat. 1977, ch. 83, par. 22.1) is inapplicable to the cause of action stated in count I, and that section 15 of that statute (Ill. Rev. Stat. 1977, ch. 83, par. 16) should govern, because count I (a) sought only economic loss, which is outside the scope of section 21.1 and (b) alleged a breach of fiduciary duty which is not an action "arising out of patient care" within the meaning of that phrase in section 21.1.

Section 21.1 provides in relevant part:

"No action for damages for injury or death against any physician or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use

of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death."

Section 15, in pertinent part, provides as follows:

"[A]ctions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued."

■■ The meaning attached to a statutory provision is derived from the language of the statute as well as from its general purpose (*Chastek v. Anderson* (1981), 83 Ill. 2d 502, 416 N.E.2d 247), and we believe it clear that section 21.1 applies to all medical malpractice actions brought against a physician or hospital arising out of patient care based upon its plain language that the limitation period encompasses actions for damages for injury "whether based upon tort, or breach of contract, *or otherwise.*" (Emphasis added.) See also *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 307, 402 N.E.2d 560, 565, *appeal dismissed sub nom.* (1980), 449 U.S. 807, 66 L. Ed. 2d 11, 101 S. Ct. 54.

It appears to us that the general purpose of the medical malpractice statute of limitations was to respond to an insurance crisis by seeking to reduce the cost of malpractice insurance and to assure the availability of such insurance to health care providers. (*Anderson v. Wagner*; Third Reading of a Bill for an Act in Relation to the Regulation of Medical Practices: Hearings on H.B. 3957 before the Full House, 79th G.A., House Debates, at 16 *et seq.* (June 11, 1976).) As part of the legislative response, changes were made in the limitation statute providing constraints on the bringing of claims—among them the promulgation of section 21.1. Thus, when that section is considered in the light of the statutory purpose, legislative intent would be frustrated if the statute were to include some malpractice actions but were to exclude others. We note also that plaintiff has cited no relevant authority, nor have we found any, to support his position that section 21.1 is not applicable to actions for economic loss.

■■ We also see no merit in plaintiff's assertion that section 21.1

is not applicable here for the further reason that this was not an action "arising out of patient care." The complaint itself alleges that plaintiff was a paying patient of defendant for the treatment of certain symptoms and conditions; that he entrusted himself to the care and medical advice of defendant; that it was incumbent upon defendant, who was a fiduciary, to take precautions concerning the advice given him; that defendant, after assuming his care and treatment, wrongfully informed him that his prognosis for work was poor and advised that he seek early retirement; that he was not advised by defendant of the latter's belief that his symptoms were psychological; and that defendant failed to refer him to a psychologist or psychiatrist. We think it clear that those allegations set forth an action "arising out of patient care" and that section 21.1 is applicable rather than section 15—which is directed to civil actions not otherwise provided for.

We turn then to plaintiff's contention that the trial court improperly denied his motion to amend the complaint. The grant or denial of an amendment to a pleading is within the discretion of the trial court and will not be disturbed on review absent an abuse of discretion (*Cvengros v. Liquid Carbonic Corp.* (1981), 99 Ill. App. 3d 376, 425 N.E.2d 1050), and it is not an abuse of discretion to deny a motion to amend if the proposed amendment will not cure the defect in the pleading (*Cvengros v. Liquid Carbonic Corp.*; *Kittay v. Allstate Insurance Co.* (1979), 78 Ill. App. 3d 335, 397 N.E.2d 200).

■ After entering summary judgment for defendant here, the trial court denied plaintiff leave to amend his complaint on its face to allege February 14, 1977, as the date of his discovery of the medical malpractice. We note, however, that regardless of the discovery date, under section 21.1 no action may be brought for injury or death "more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death." While plaintiff here would have us believe that the 4-year limitation period did not begin to run until February 14, 1974, when he allegedly first experienced economic loss, the statute speaks in terms of the date on which the act that caused the injury occurred—which, as stated in plaintiff's complaint, was July 2, 1973. Thus, plaintiff's proposed amendment would not have cured the defect in the complaint.

■ Plaintiff also posits that section 21.1 and its application here is a denial of due process. We reject this argument, however, in view of *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560, *appeal dismissed sub nom.* (1980), 449 U.S. 807, 66 L. Ed. 2d 11, 101 S. Ct.

54, where it was held that the application of the 4-year maximum limitation period did not violate due process, with the court reasoning as follows:

"[T]he reasonableness of the statute must be judged in light of the circumstances confronting the legislature and the end which it sought to accomplish. We have noted above that various reports, commissions, and authors recommended that the 'long tail' exposure to malpractice claims brought about by the discovery rule be curtailed by placing an outer time limit within which a malpractice action must be commenced. The 4-year limit of our present statute follows the recommendations of the Medical Injury Reparations Commission contained in its report to the Governor and the 79th General Assembly cited above. This recommendation was made following extensive hearings by the Commission. Our 4-year time limit is also within the general area of limits that had been set by other States. Some are shorter than ours, and some are longer. It has not been demonstrated that the legislative action in establishing the 4-year outer limit within which to file a complaint for medical malpractice is unreasonable. We thus find no due process violation." (79 Ill. 2d 295, 312, 402 N.E.2d 560, 568.)

See also *Isaacs v. Michael Reese Hospital & Medical Center* (1981), 101 Ill. App. 3d 876, 428 N.E.2d 941; *Bebee v. Fields* (1979), 79 Ill. App. 3d 1009, 398 N.E.2d 1214.

Finally, plaintiff suggests that a statutory limitation period may not be constitutionally shortened by a subsequent limitation period when the statue does not provide for retroactive application. We disagree.

Generally, an amendment which relates only to remedies or procedure will be given retroactive application (*People v. Theo* (1971), 133 Ill. App. 2d 684, 273 N.E.2d 498) except where a procedural rule destroys a substantive right (*Hogan v. Bleeker* (1963), 29 Ill. 2d 181, 193 N.E.2d 844). Thus, an amendment shortening the limitation period will not be applied retroactively so as to terminate an action filed within the limitation period prior to the effective date of the amendment (*Hupp v. Gray* (1978), 73 Ill. 2d 78, 382 N.E.2d 1211), but it may be applied retroactively so as to terminate a cause of action where the party bringing the action has a reasonable amount of time to file his claim between the effective date of the amendment and the date on which the preexisting cause of action would be barred under the new statute (*Anderson v. Wagner*; *Hupp v. Gray*; *Jones v. Brill* (1981), 97 Ill. App. 3d 943, 423 N.E.2d 930).

Here, application of the 1976 amendment allowed plaintiff over nine months between its effective date—September 19, 1976—and July 2, 1977—the date on which the 4-year limitation period would run under the new act—to file the malpractice action. On the basis of *Anderson v. Wagner*, where an 8-month period for filing a medical malpractice suit was held to be reasonable, and *Nergenah v. Norfolk & Western Ry. Co.* (1980), 81 Ill. App. 3d 866, 401 N.E.2d 1154, where a 7½-month period after the effective date of an amendment to a limitation statute governing actions for loss of consortium was reasonable, we find that plaintiff had a reasonable amount of time after the amendments' effective date within which to file his action and thus that there was no due process violation in a retroactive application of this statute.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

MEJDA and WILSON, JJ., concur.