PHILIP A. MILLER, Plaintff-Appellant, v. ARNOLD TOBIN, Defendant-Appellee.

Second District   No. 2—88—0583

Opinion filed July 17, 1989.

McLAREN. J., dissenting.

Cary N. Goldberg, Jeffrey D. Hupert, and Gary I. Levenstein, all of Lynn & Levenstein, Ltd., of Chicago, for appellant.

Tyler Jay Lory, James T. Ferrini, and Gary Kostow, all of Clausen, Miller, Gorman, Caffrey & Witous, P.C., and Mary F. Stafford, of Epton, Mullin & Druth, Ltd., both of Chicago, for appellee.

JUSTICE DUNN delivered the opinion of the court:

Plaintiff, Philip Miller, appeals from a judgment of the circuit court of Lake County dismissing his complaint against defendant, Arnold Tobin, a physician engaged in the practice of psychiatry. On appeal, plaintiff contends that the trial court should not have applied the two-year statute of limitations of section 13—212 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—212) to his complaint. We affirm.

On November 13, 1987, plaintiff filed a complaint in the circuit court of Lake County alleging that he was injured as a result of defendant's violation of the Mental Health and Developmental Disabilities Confidentiality Act (Confidentiality Act) (Ill. Rev. Stat. 1987, ch. 91½, pars. 801 through 817). Plaintiff specifically alleged that while he and his wife were receiving marriage counseling from defendant, defendant revealed confidential information to plaintiff's wife that plaintiff had specifically asked defendant not to reveal. Plaintiff also claimed that he was injured because defendant breached an implied contract.

Defendant moved to dismiss the complaint, arguing that the statute of limitations had expired and that plaintiff had not complied with

the statutory requirements for bringing a malpractice action. The trial court concluded that plaintiff's complaint was not a malpractice action, but the limitations period set out in section 13—212 did apply and time barred the suit. While both counts were dismissed, plaintiff appeals only from the dismissal of the count based on the Confidentiality Act.

While the Confidentiality Act provides that suit may be brought as a result of its violation (Ill. Rev. Stat. 1987, ch. 91½, par. 815), it does not specify what the statute of limitations is with respect to such a suit. Plaintiff argues that the statute of limitations set out in section 13—212 does not apply to the present case because his complaint does not sound in malpractice. Defendant contends that section 13—212 applies to this action because plaintiff's injury arose out of treatment by defendant.

Section 13—212 states in pertinent part:

"§13—212. Physician or hospital. (a) Except as provided in Section 13—215 of this Act, no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death." (Ill. Rev. Stat. 1987, ch. 110, par. 13—212(a).)

While this section clearly applies to malpractice actions against physicians, it is a general limitations section designed to apply to all cases against physicians arising out of patient care. Therefore, the pertinent issue is not whether plaintiff's suit alleges malpractice, but whether plaintiff's injuries arose out of patient care.

■ A statute of limitations is to be construed in light of its objectives and to fulfill the object for which it was enacted. (*Mathis v. Hejna* (1969), 109 Ill. App. 2d 356, 360, 248 N.E.2d 767, 769.) Section 13—212 is meant to apply to suits arising out of patient care. The phrase "arising out of" is broad and generally means "originating from," "growing out of," or "flowing from." (6 C.J.S. *Arise* 525, 526 (1975).) In *Burgdorff v. Siqueira* (1982), 109 Ill. App. 3d 493, 440 N.E.2d 920, defendant wrongfully advised plaintiff to retire from his

job for health reasons. The *Burgdorff* court concluded that plaintiff's subsequent loss of income was an injury arising out of patient care; therefore, the medical malpractice statute of limitations applied. *Burgdorff*, 109 Ill. App. 3d at 495-96, 440 N.E.2d at 922-23.

■ In the present case, plaintiff's alleged injury occurred during the course of defendant's treatment of plaintiff's wife. This situation is analogous to an issue we faced in *Horak v. Biris* (1985), 130 Ill. App. 3d 140, 474 N.E.2d 13. In *Horak*, defendant claimed that plaintiff did not have standing to sue for malpractice because the actions complained of were directed to plaintiff's wife, not plaintiff. (*Horak*, 130 Ill. App. 3d at 146, 474 N.E.2d at 18.) We concluded that plaintiff could maintain a malpractice action because plaintiff and his wife were receiving treatment "for the common purpose of rehabilitating their marital relationship" (*Horak*, 130 Ill. App. 3d at 146, 474 N.E.2d at 18), and the treatment of one spouse would have an effect on the other spouse and the prospects for successful treatment. *Horak*, 130 Ill. App. 3d at 146, 474 N.E.2d at 18.

The present complaint alleges that both plaintiff and his wife were receiving treatment from defendant for marital problems. Therefore, plaintiff's injury did arise out of patient care in that plaintiff and his wife were jointly seeking treatment, and plaintiff's injury occurred during his wife's phase of the treatment. As such, the limitations period set out in section 13—212 does apply to the present case, and the suit is not timely.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

LINDBERG concurs.

JUSTICE McLAREN, dissenting:

I have several concerns which require my dissent. Initially it should be noted that plaintiff filed a suit containing two counts. He is appealing only the dismissal of the first count. The first count alleged a doctor-patient relationship to establish an element under the Mental Health and Developmental Disabilities Confidentiality Act (Ill. Rev. Stat. 1987, ch. 91½, pars. 801 through 817). The count did not allege any breach of the standard of care required of a physician; nor did it allege any act of patient care by defendant directed to plaintiff, nor is either required under the Act. Defendant filed a section 2—619 motion and argued, without *any* additional allegations of fact, that as a matter of law section 13—212 was applicable and count I should be

dismissed. Irreconcilably, the trial court found that "Plaintiff does not seek recovery for incorrect or negligent treatment; Plaintiff's cause of action is based on violations of Defendant's duties under the Act," and then, citing a dictionary, determined that "otherwise" makes section 13—212 applicable to this case. The majority has not reconciled how something that is found not to be malpractice is covered by the malpractice statute of limitations. See *Owens v. Manor Health Care Corp.* (1987), 159 Ill. App. 3d 684; *Lyon v. Hasbro Industries, Inc.* (1987), 156 Ill. App. 3d 649.

The majority opinion cites *Horak v. Biris* (1985), 130 Ill. App. 3d 140, to extrapolate an affirmance. The *Horak* case is factually distinguishable for several reasons. First, it was based upon allegations of malpractice as designated by plaintiff-spouse. Second, the act of malpractice was alleged as a violation of patient care, not a violation of the Act. Third, plaintiff alleged that defendant was treating plaintiff, albeit through plaintiff's wife, when the alleged violation of patient care took place. None of those allegations are contained in the instant first count.

The majority states that "[t]he present complaint alleges that both plaintiff and his wife were receiving treatment from defendant for marital problems. Therefore, plaintiff's injury did arise out of patient care in that *** plaintiff's injury occurred during his *wife's* phase of the treatment." (Emphasis added.) (186 Ill. App. 3d at 178.) Plaintiff never alleged that the alleged disclosure was made during patient care of either him or his wife. He only alleged the existence of a doctor-patient relationship. The majority has taken a quantum leap to conclude, as a matter of law, that the disclosure was patient care, especially patient care of plaintiff.

Plaintiff did not allege an act of patient care directed to him that caused his injuries. Plaintiff alleged a disclosure of a confidence to a *third* party outside of plaintiff's presence. Plaintiff also alleged the information was given in confidence and defendant was specifically admonished not to disclose such information to the particular third party. Having reviewed the record, there is no pleading or affidavit which could give any court the ability to conclude that the disclosure occurred during patient care. Patient care is traditionally the act or nonact which causes the injury. It is not the same as the doctor-patient relationship. (*Lyon*, 156 Ill. App. 3d at 653.) In this case, there is an allegation of the latter; there is *no* allegation whatsoever by *any* party as to the former.

I find it difficult to conceive a factual scenario where the disclosure of a confidential statement by a physician to a third party out-

side the presence of a plaintiff would constitute patient care of a plaintiff. In any event, patient care still is an element of proof and an issue of fact. In this particular case, the trier of fact may ultimately decide in favor of defendant. However, such a rationale does not suffice in affirming the trial court's judgment on such a scanty record. I therefore respectfully dissent.