KERRI KARARO, Plaintiff-Appellant, v. CARMELO C. RUIZ, Defendant-Appellee.

Third District  No. 3—89—0235

Opinion filed August 10, 1990.

62

Laird M. Ozmon, of Laird M. Ozmon, Ltd., of Joliet (James P. Stevenson, of counsel), for appellant.

Ruth E. VanDemark, of Wildman, Harrold, Allen & Dixon, of Chicago, and David J. Cahill, of Wildman, Harrold, Allen & Dixon, of Wheaton (Robert T. Grueneberg, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Kerri Kararo, filed a medical malpractice claim against the defendant, Dr. Carmelo C. Ruiz. The trial court granted the defendant's motion to dismiss, finding the plaintiff's cause of action was barred by the applicable statute of limitations. The plaintiff appeals.

The plaintiff was born on January 13, 1968. The plaintiff filed her complaint against the defendant on January 12, 1989, and filed an amended complaint on February 27, 1989. In her complaint, the plaintiff alleged that on and prior to November 16, 1984, the defendant was retained to treat certain pains the plaintiff was experiencing. The plaintiff alleged that among other things, the defendant was negligent in misdiagnosing the plaintiff as suffering from Crohn's disease (terminal ileitis) and negligently preformed an unnecessary appendectomy on the plaintiff. The complaint also stated that on July 17, 1987, the plaintiff learned that she was not suffering from Crohn's disease.

The defendant filed a motion to dismiss pursuant to section 2—619(a)(5) of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(5)), asserting the action was barred by the applicable statute of limitations. The trial court granted the motion, finding that because the plaintiff discovered the alleged negligence when she was 19 years old, her medical malpractice claim was subject to the limitations imposed by section 13—212(a) of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 13—212(a)). Since the plaintiff's complaint was filed more than four years after the alleged negligence occurred, the trial court found the action time barred.

On appeal, the plaintiff contends the trial court erred in not applying the period of limitations found in section 13—212(b) of the Code.

Subsections (a) and (b) of section 13—212 state:

"(a) Except as provided in Section 13—215 of this Act, no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice

in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death.

(b) Except as provided in Section 13—215 of this Act, no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 8 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death where the person entitled to bring the action was, at the time the cause of action *accrued*, under the age of 18 years; provided, however, that in no event may the cause of action be brought after the person's 22nd birthday. If the person was under age of 18 years when the cause of action *accrued* and, as a result of this amendatory Act of 1987, the action is either barred or there remains less than 3 years to bring such action, then he or she may bring the action within 3 years of July 20, 1987." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 110, pars. 13—212(a), (b).

The controversy in this case centers on the meaning of the the word "accrued" in section 13—212(b). Prior to the 1987 amendment, section 13—212 read in pertinent part: "If the person entitled to bring the action is, at the time the cause of action *occurred*, under the age of 18 years, or under legal disability or imprisoned on criminal charges, the period of limitations does not begin to run until the disability is removed." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 110, par. 13—212.

■■ In medical malpractice cases, the Illinois Supreme Court has adopted the "discovery rule," which holds that the cause of action accrues when the person injured learns of his injury or should reasonably have learned of it. (*Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869; *Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 262 N.E.2d 450.) A form of the discovery rule has been made an explicit part of section 13—212(a). The defendant argues that the use of the word "accrued" in section 13—212(b) means that the injured party must discover the injury before turning 18 in order for the that section to apply. If the injured party discovers the injury after turning 18, then the four-year period of repose found in section 13—212(a) must be applied to determine whether the injured party has timely filed.

In the instant case, the parties agree that the injury was discovered on July 17, 1987. Because the plaintiff was over 18 years of age when her cause of action "accrued," the defendant argues that the four-year period of repose found in section 13—212(a) rather than the eight-year period of repose in section 13—212(b) applied. Since plaintiff's original complaint was filed more than four years after November 16, 1984, the action was time barred.

■ It is fundamental that courts, when interpreting a statute, must ascertain and give effect to the legislature's intention in enacting the statute. (*Maloney v. Bower* (1986), 113 Ill. 2d 473, 498 N.E.2d 1102.) However, statutes of limitation must be construed in the light of their objectives and must be liberally construed to fulfill the object for which they were enacted. (*Mathis v. Hejna* (1969), 109 Ill. App. 2d 356, 248 N.E.2d 767.) Statutes of limitation consistently have been construed so as to preserve a minor's right to a day in court. *Dachs v. Louis A. Weiss Memorial Hospital* (1987), 156 Ill. App. 3d 465, 509 N.E.2d 489.

■ In light of these principles, we find the applicable period of repose to be determined by the time when the injury occurred. We find no intent on the part of the legislature to shorten the eight-year period of repose simply because the injury is discovered after the injured party turns 18. Parties are limited to at most four years after reaching age 18 in which to bring suit. This four-year period coincides with the four-year period of repose contained in section 13—212(a). The plaintiff in this case filed her suit within two years of discovery. The negligence is alleged to have occurred when the plaintiff was 16 years old. We find that because the alleged negligent acts occurred when the plaintiff was a minor, the eight-year period of repose in section 13—212(b) applied, and she had two years from the date of discovery to file her claim. Therefore, the trial court erred in granting the defendant's motion to dismiss.

Since we find the plaintiff's complaint was timely filed, we need not address the other arguments raised by the parties.

For the foregoing reasons, the judgment of the circuit court of Will County is reversed and the cause remanded for proceedings consistent with this opinion.

Reversed and remanded.

BARRY and SCOTT, JJ., concur.