SIXTH DIVISION
March 3, 2006

No. 1-05-0881

| | | |
|---|---|---|
| ANNA MARIE BRUCKER and JOHN BRUCKER, | ) | Appeal from the |
| Indiv. and as Parents and Next Friends of | ) | Circuit Court of |
| ROBERT GRANT BRUCKER, a Minor, | ) | Cook County. |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | No. 02 L 11973 |
| | ) | |
| JOSEPH MERCOLA, BARBARA PIERCE, and | ) | |
| JOSEPH M. MERCOLA, D.O., S.C., a Corporation, | ) | Honorable |
| | ) | Diane Joan Larsen, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE FITZGERALD SMITH delivered the opinion of the court:

Plaintiffs Anna Marie and John Brucker and their son Robert appeal from the trial court's order dismissing count III of their second amended complaint against defendants Dr. Joseph Mercola, his medical practice, and his employee Barbara Pierce. On appeal, plaintiffs contend that count III alleged ordinary negligence and, thus, was not subject to the eight-year statute of repose for minors' medical malpractice actions. In the alternative, plaintiffs contend that count III was subject to the medical malpractice tolling provision because Robert's status as a fetus at the time of the injury constituted a legal disability. For the reasons that follow, we affirm the judgment of the trial court.

## I. BACKGROUND

On May 2, 1995, Anna Marie Brucker went to the office of Dr. Mercola for an allergy consultation. Dr. Mercola was aware that Mrs. Brucker was pregnant and recommended that she use L-glutamine and other supplements to treat her allergies. L-

glutamine was available without a prescription at nutrition stores. Dr. Mercola purchased L-glutamine powder in bulk quantities and repackaged it into smaller containers, which he sold at his office. After Dr. Mercola replenished his supply of L-glutamine, Mrs. Brucker returned to his office on or about May 25, 1995, and purchased a bottle that was labeled as containing L-glutamine. However, Mrs. Brucker actually received a bottle that Barbara Pierce, a member of Dr. Mercola's support staff, had erroneously filled with sodium selenite. Pierce had no medical training and served Dr. Mercola in an administrative capacity only. As a result of ingesting the selenium in a toxic dosage, Mrs. Brucker and her fetus allegedly suffered injuries.

On January 5, 1996, Mrs. Brucker gave birth to Robert Brucker.

On May 27, 1997, Mr. and Mrs. Brucker filed a two-count complaint against defendants sounding in medical malpractice, alleging (1) defendants breached the duty to exercise reasonable care in treating Mrs. Brucker; and (2) loss of consortium. The complaint was supported by a physician's report pursuant to section 2-622 of the Code of Civil Procedure (Code) (735 ILCS 5/2-622 (West 1996)). The Bruckers voluntarily dismissed the case in September 2001.

On September 20, 2002, Mr. and Mrs. Brucker refiled the case against the same defendants and alleged the same acts of negligence and damages.

On December 22, 2003, the Bruckers amended their complaint, adding a claim on behalf of their son, Robert. Count III of the amended complaint alleged that Robert, born in January 1996, suffered various injuries as a result of his mother's May 1995 ingestion of the toxic dosage of selenium dispensed from Dr. Mercola's office. Plaintiffs

alleged that defendants breached the duty to exercise reasonable care by medical personnel in treating Mrs. Brucker and Robert by committing the following negligent acts or omissions:

(a) improperly distributed selenium to Mrs. Brucker;

(b) failed to maintain proper control measures in distributing dietary supplements and prescriptions;

(c) failed to follow reasonable and necessary precautions to determine that proper dietary supplements were being prescribed and distributed;

(d) dispensed selenium to Mrs. Brucker in a toxic dosage;

(e) failed to use proper and adequate measures to ensure that proper dietary supplements and prescriptions were being dispensed to patients like Mrs. Brucker; and

(f) were otherwise careless and negligent.

With the amended complaint, plaintiffs filed a medical report and attorney's affidavit in compliance with section 2-622 of the Code.

Defendants filed a motion under section 2-619(5) of the Code (735 ILCS 5/2-619(5) (West 2004)) to dismiss count III of the amended complaint with prejudice as barred by the statute of repose for medical malpractice claims. Specifically, defendants argued count III was filed more than eight years after the May 25, 1995 act that allegedly caused injury to Robert. The trial court denied defendants' motion to dismiss count III, ruling that plaintiffs' cause of action sounded in common-law ordinary

1-05-0881

negligence . Further, the trial court ruled that even if the action was considered a medical negligence claim, Robert's status as a fetus constituted a disability other than minority so as to avoid the eight-year statute of repose.

Defendants filed a motion to reconsider the denial of their motion to dismiss. After the submission of briefs and presentation of oral argument, the trial court granted defendants' motion to reconsider and dismissed count III of plaintiffs' amended complaint as time-barred. The trial court found that Robert's claim arose out of patient care and, thus, was subject to the eight-year repose provision for minors' claims of medical negligence. The trial court also found that Robert's status as a fetus at the time the injury occurred did not toll the period of limitations for filing his claim.

Thereafter, plaintiffs filed their second amended complaint, adding to count III the allegation that Robert was a fetus from May 25, 1995 to January 5, 1996 and, thus, was disabled and totally without understanding or capacity to make or communicate decisions regarding his person. The parties reasserted their arguments concerning defendants' motion to dismiss, and the trial court dismissed count III of plaintiffs' second amended complaint. The trial court also found no just reason to delay enforcement of or appeal from that order.

## II. ANALYSIS

The issues on appeal are (1) whether the eight-year medical malpractice statute of repose for minors or the two-year personal injury statute of limitations applied to count III of plaintiffs' second amended complaint; and (2) whether the legal disability tolling provision of the medical malpractice statute applied to count III.

1-05-0881

We review the trial court's ruling on the section 2-619 motion to dismiss based on the statute of repose de novo. O'Brien v. Scovil, 332 Ill. App. 3d 1088, 1090 (2002). "Dismissal pursuant to section 2-619 is warranted only where it clearly is apparent that no set of facts can be proved that would entitle a plaintiff to recover." Thornton v. Shah, 333 Ill. App. 3d 1011, 1018 (2002). "Because all properly pleaded facts are accepted as true, a reviewing court is concerned only with the question of law presented by the pleadings." Thornton, 333 Ill. App. 3d at 1019. "In ruling on a section 2-619 motion to dismiss, a court may consider pleadings, affidavits and deposition evidence." Thornton, 333 Ill. App. 3d at 1019.

1. Medical Malpractice or Personal Injury

Plaintiffs contend the personal injury statute of limitations is controlling in this case. An action for personal injury must be filed within "2 years next after the cause of action accrued ***." 735 ILCS 5/13-202 (West 2002). If the plaintiff is a minor or is under a legal disability, "he or she may bring the action within 2 years after the person attains the age of 18 years, or the disability is removed." 735 ILCS 5/13-211 (West 2002).

Defendants, however, contend the medical malpractice repose provision for minors is controlling in this case. Section 13-212 of the Code provides, in relevant part, as follows:

"Physician or hospital. (a) *** no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of the State, whether based upon tort, or breach

˘5˘

of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death.

(b) *** *no action for damages for injury* or death *against any physician,* dentist, registered nurse or hospital duly licensed under the laws of the State, *whether based upon tort, or breach of contract, or otherwise,* **arising out of patient care***, shall be brought more than 8 years after the date on which* **occurred** *the act or omission or occurrence* alleged in such action to have been the cause of such injury or death where the person entitled to bring the action was, at the time the cause of action accrued, under the age of 18 years; provided, however, that in no event may the cause of action be brought after the person's 22nd birthday. ***

(c) If the person entitled to bring an action described in this Section is, *at the time the cause of action* **accrued,** under a legal disability other than being under the age of 18 years, then the period of limitations does not begin to run until the disability is removed."  (Emphasis added.)  735

1-05-0881

ILCS 5/13-212 (West 2002).

We find the trial court correctly applied the medical malpractice repose provision contained in section 13-212(b) of the Code to plaintiffs' claim for injury to Robert *in utero*. Although the plaintiffs alleged, *inter alia*, that Robert's injuries resulted from defendants' negligent storage, packaging and labeling of nonprescription supplements, the fact remains that the damages suffered by Robert arose from Dr. Mercola's care and treatment of his patient, Mrs. Brucker. The pertinent issue is not whether plaintiffs' suit alleged medical malpractice, but whether the alleged injuries arose out of patient care.

Mrs. Brucker sought treatment for her allergies from Dr. Mercola. Dr. Mercola examined her and recommended that she take L-glutamin, a nonprescription supplement that Dr. Mercola's staff repackaged from bulk powder into smaller containers. Mrs. Brucker purchased a bottle labeled L-glutamin from Dr. Mercola's office but became ill upon ingesting a toxic amount of another substance. The damages sought by plaintiffs in count III of their amended complaint arose as a consequence of defendants' alleged breach of the duty to use the skill and care ordinarily used by reasonably well-qualified medical personnel in their care and treatment of Mrs. Brucker and Robert.

The two-year statute of limitations period found in section 13-212(a) and the eight-year repose period found in section 13-212(b) are applicable to actions on behalf of minors seeking "damages for injury *** against any physician, *** whether based upon tort, or breach of contract, or otherwise, *arising out of patient care* ***." (Emphasis

added.)  735 ILCS 5/13-212(a), (b) (West 2002).  "The phrase 'arising out of' is broad and generally means 'originating from,' 'growing out of,' or 'flowing from.' "  Miller v. Tobin, 186 Ill. App. 3d 175, 177 (1989), quoting 6 C.J.S. Arise 525, 526 (1975).

The law is clear that " 'all actions for injury or death predicated upon the alleged negligence of a physician are governed by section 13-212.' "  Durham v. Michael Reese Hospital Foundation, 254 Ill. App. 3d 492, 496-97 (1993), quoting Malinowski v. Mullangi, 223 Ill. App. 3d 1037, 1041 (1991).  This court has reaffirmed the liberal application of section 13-212 in a wide array of decisions.  Thornton, 333 Ill. App. 3d at 1018-20 (section 13-212 limitations barred parents' breach of contract claim against HMO for damages associated with the death of their child *in utero*); Walsh v. Barry-Harlem Corp., 272 Ill. App. 3d 418, 422-24 (1995) (section 13-212 limitations barred consumer fraud claim alleging physicians intentionally misrepresented test results and performed unnecessary surgery on plaintiff's eyes); Durham, 254 Ill. App. 3d at 497 (section 13-212 repose barred claim under the Wrongful Death Act alleging physician negligence regarding heart valve implant malfunction); Elke v. Zimmer, Inc., 231 Ill. App. 3d 597, 600 (1992) (section 13-212 repose barred products liability action against a hospital for distribution or sale of alleged defective prosthesis); Ashley v. Evangelical Hospitals Corp., 230 Ill. App. 3d 513, 522-24 (1992) (section 13-212 repose barred hospital's third-party indemnity claim against doctors that was inextricably linked to the underlying medical malpractice claims); Miller, 186 Ill. App. 3d at 178 (section 13-212 limitations barred claim against a psychiatrist for revealing confidential mental health information to the plaintiff's wife); Burgdorff v. Siqueira, 109 Ill. App. 3d 493, 496 (1982)

(medical malpractice repose provision barred claim against doctor alleging negligence and misconduct for wrongfully advising patient to seek early retirement). See also Hayes v. Mercy Hospital & Medical Center, 136 Ill. 2d 450, 456-58 (1990) (interpreting the term "or otherwise" in the medical malpractice statute of repose to include actions for contribution against a physician for injuries arising out of patient care).

The cases cited by plaintiffs to support their argument that the alleged injury here sounds in ordinary negligence are distinguishable. Specifically, in Mooney v. Graham Hospital Ass'n, 160 Ill. App. 3d 376, 380-81 (1987), the court determined the plaintiff's claim involved ordinary negligence rather than medical malpractice where the plaintiff, a patient recovering from surgery, alleged the hospital negligently allowed the accumulation of liquid on the floor which caused her to fall and sustain injuries. The court likened the plaintiff's status to that of a business-invitee to whom the hospital owed a duty to exercise ordinary and reasonable care to see that the premises were reasonably safe. Mooney, 160 Ill. App. 3d at 380-81. The court found the pleadings alleged the familiar "slip and fall" case and was not related to the plaintiff's medical treatment. Mooney, 160 Ill. App. 3d at 382. Unlike in Mooney, plaintiffs' allegations of wrongdoing here did not arise apart from Mrs. Brucker's treatment and status as a patient but because of that treatment and status. See Walsh, 272 Ill. App. 3d at 424.

Similarly, in Lyon v. Hasbro Industries, Inc., 156 Ill. App. 3d 649, 655 (1987), the court determined that an ambulance service's failure to adequately equip the ambulance with life-support equipment fell within the definition of medical malpractice, but the failure to maintain and service the ambulance as a vehicle did not involve medical

judgment and, thus, was not medical malpractice. Like the Lyon defendant's failure to equip the ambulance and unlike its failure to service the vehicle, the Bruckers' claim that defendants, as part of their medical practice, improperly stored, packaged and dispensed recommended supplements alleged misconduct that was inextricable from the defendants' diagnosis and treatment of Mrs. Brucker. See Walsh, 272 Ill. App. 3d at 425.

Plaintiffs argue that Dr. Mercola chose to be a vendor of supplements and owed a duty of ordinary care to customers purchasing supplements, whether those customers were his patients or not. We recognize that a physician or medical practice could undertake certain activities that are not part of a patient's medical treatment. Perhaps defendants would be liable under ordinary negligence if they had injured a member of the general public by promoting and selling supplements in mislabeled bottles. But that is not this case. Dr. Mercola examined Mrs. Brucker and treated her allergy by recommending, *inter alia*, L-glutamine. After Dr. Brucker replenished his supply of L-glutamine, Mrs. Brucker returned to his office and purchased the mislabeled bottle. The medical malpractice repose provision applies to count III of plaintiffs' amended complaint because count III alleged an injury that arose out of patient care.

2. Tolling Provision of Section 13-212(c)

Plaintiffs have a backup argument: the medical malpractice claim stated in count III is not time-barred because the provision regarding legal disabilities in section 13-212(c) tolled the repose provision for minors in section 13-212(b). Whereas the section 13-212(b) repose provision required Robert to bring his cause of action no more than

eight years after the date the alleged injury occurred, section 13-212(c) stops the limitations period from running if Robert was under a legal disability other than minority at the time the cause of action accrued. 735 ILCS 5/13-212(b), (c) (West 2002). Plaintiffs argue that Robert was a fetus in May 1995 and, thus, under a legal disability at the time the injury occurred, i.e., when his mother ingested a toxic dose of the mislabeled supplement. Plaintiffs contend the eight-year repose period was tolled until Robert's January 1996 birth, which was when his legal disability was removed. Plaintiffs argue that count III was timely raised in plaintiffs' December 2003 amended complaint because it was filed within eight years of Robert's January 1996 birth. We disagree. The flaw in plaintiffs' argument is that the distinction between the date Robert's alleged injury *occurred* and the time his cause of action *accrued* is not as malleable as plaintiffs wish.

We are called upon to interpret the medical malpractice period of limitations contained in section 13-212 of the Code. The law governing statutory construction is clear.

"The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. [Citations.] The best evidence of the legislature's intent is the language of the statute itself. [Citation.] The court must evaluate the language of the statute as a whole, considering each part or section in connection with every other part or section. [Citations.] Where the legislature's intent can be ascertained from the plain language of the statute, that intent must prevail and will be given

effect without resort to other aids for construction.  [Citation.]  On appeal, an issue of statutory construction is subject to *de novo* review.  [Citation.]"

 Bruso v. Alexian Brothers Hospital, 178 Ill. 2d 445, 451-52 (1997).

In medical malpractice cases in which the discovery rule is applied, a cause of action accrues when the plaintiff knows or reasonably should know of the injury and also knows or reasonably should know that it was wrongfully caused.  735 ILCS 5/13-212(a) (West 2002).  The discovery rule gives rise to a "long tail" of liability.  Lowe v. Ford Motor Co., 313 Ill. App. 3d 418 (2000).  The purpose of a statute of repose is to impose a cap on the applicability of the discovery rule so that the outer limit terminates the possibility of liability after a definite period of time, regardless of a potential plaintiff's lack of knowledge of a cause of action.  Cammon v. West Suburban Hospital Medical Center, 301 Ill. App. 3d 939 (1998).  However, where a plaintiff in a medical malpractice action is under a legal disability such as mental incompetency at the time the cause of action accrued, the plaintiff's action is subject to the tolling provision of section 13-212(c) and not the four-year repose period of section 13-212(a) for adults or the eight-year repose period of section 13-212(b) for minors.  735 ILCS 13-212 (West 2002); see Bruso, 178 Ill. 2d at 461.

Plaintiffs argue that Robert's condition as a fetus at the time the alleged injury occurred was a legal disability sufficient to toll the eight-year repose period of section 13-212(b).  A person under a legal disability is defined as a person who has some disability or incapacity that prevents him from being fully able to manage his or her person or estate.  5 ILCS 70/1.06 (West 2002).  A person need not be adjudicated

disabled to have a legal disability, but he must have some argument that his disability is one contemplated by the legislature. Parks v. Kownacki, 193 Ill. 2d 164, 178-79 (2000) ("The inability to pursue a legal remedy does not, standing alone, fall into any recognized category of legal disability").

We need not address the issue of whether a fetus falls within the definition of a person under a legal disability. The dispositive issue here is whether Robert was under a legal disability other than minority *at the time his cause of action accrued.* We conclude that he was not.

Our supreme court has recognized a legally cognizable cause of action for the injury to both a woman and her subsequently born child when the tortious act of another toward the woman harms the fetus. Stallman v. Youngquist, 125 Ill. 2d 267, 275 (1988) (noting that the injuries to the fetus become apparent at its birth); see also Renslow v. Mennonite Hospital, 67 Ill. 2d 348, 357 (1977) ("there is a right to be born free from prenatal injuries foreseeably caused by a breach of duty to the child's mother"). In Simmons v. Weisenthal, 29 Pa. D. & C.2d 54, 56-57 (Pa. Com. Pl. 1962), the court discussed the influential Illinois dissenting opinion of Mr. Justice Boggs in Allaire v. St. Luke's Hospital, 184 Ill. 359, 368 (1900) (Boggs, J., dissenting), which suggested that, although liability for a prenatal injury is *created* when an unborn child is injured by the wanton and negligent act of another, liability *attaches* on fulfilment of the implied condition that the child be born alive. The influence of Justice Boggs' dissent on the development of the now-recognized right of a child to recover for prenatal injuries is apparent in Amann v. Faidy, 415 Ill. 422 (1953), which reversed the Allaire majority

˘13˘

decision denying recovery.  Because the fetus's recognized legal right to begin life with a sound mind and body is assertable after birth, we--like the Simmons court--conclude that a claim for prenatal injury on behalf of a fetus accrues when the fetus is born.  See Simmons, 29 Pa. D. & C.2d at 58.

Robert was not a fetus when his cause of action accrued because his cause of action accrued when he was born.  The plain language of subsection (c) relates to a person who "is, *at the time the cause of action accrued*, under a legal disability other than being under the age of 18 years" and provides that the limitations period "does not begin to run until the disability is removed."  (Emphasis added.)  735 ILCS 5/13-212(c) (West 2002); Clark v. Han, 272 Ill. App. 3d 981, 987 (1995).  Because Robert was merely a minor when his cause of action accrued, the tolling provision of section 13-212(c) is not applicable to his cause of action.  The eight-year repose provision for minors in section 13-212(b) controls here, and count III is time-barred because it was filed more than eight years after Robert's alleged injury occurred.

Plaintiffs cite Kararo v. Ruiz, 201 Ill. App. 3d 61 (3d Dist. 1990), and urge us to disregard the plain language of section 13-212, which clearly states that the tolling provision applies only if the plaintiff was legally disabled when the cause of action accrued.  In Kararo, the court held that the eight-year repose period for minors applied to an injury that occurred when the plaintiff was a minor but was discovered--i.e., accrued--after the plaintiff reached majority.  Kararo, 201 Ill. App. 3d at 64.  The Kararo plaintiff was born on January 13, 1968, and alleged that the defendant negligently misdiagnosed and treated her until November 16, 1984, when she was 16 years old.

She turned 18 on January 13, 1986, and alleged that she discovered her potential cause of action on July 17, 1987, when she was 19.  Kararo, 201 Ill. App. 3d at 62. Because she did not file her complaint until January 12, 1989, she would be barred if the adults' four-year repose period of section 13-212(a) applied, but she would have a cause of action if the minors' eight-year repose period of section 13-212(b) applied.  The defendant argued that the shorter repose period for adults controlled because the plaintiff's cause of action accrued after she had reached the age of majority.  Kararo, 201 Ill. App. 3d at 64.  Without ruling on that point, the Kararo court construed the statute liberally to preserve the minor's right to a day in court and held, contrary to the plain language of the statute, that the applicable period of repose is to be determined by the time when the injury occurred.  Kararo, 201 Ill. App. 3d at 64.

The Kararo court acknowledged that the 1987 amendment to section 13-212 changed a plaintiff's eligibility for the eight-year minors' repose provision.  Kararo, 201 Ill. App. 3d at 63.  Specifically, prior to the amendment, the eight-year repose period applied if the plaintiff was under the age of 18 years at the time the cause of action *occurred* (Ill. Rev. Stat. 1985, ch. 110, par. 13-212); after the amendment, the eight-year repose period applied if the plaintiff was under the age of 18 at the time the cause of action *accrued* (Ill. Rev. Stat. 1987, ch. 110, par. 13-212).  Nevertheless, the Kararo court ignored the tenet of statutory construction proscribing the enlargement by judicial action of a statute's objectives beyond its legitimately intended scope.  The Kararo court's holding cannot be reconciled with the plain language of section 13-212 after the 1987 amendment.  Accordingly, we will not follow and apply Kararo in the instant case.

1-05-0881

Finally, plaintiffs argue that the eight-year repose period, which runs from the date of the occurrence, operates unfairly because it reduces Robert's filing time by almost nine months whereas born children get the benefit of the full eight years. We note, however, that the medical malpractice repose provisions operate with similar harsh consequences on adults who suffer from undiscovered malpractice consequences and minors who were 17 years old when their action accrued but must file before their twenty-second birthday. The legislature has determined that such unfairness is outweighed by the benefits to the public health and well-being from the restriction of malpractice litigation. See Ferguson v. McKenzie, 202 Ill. 2d 304, 311 (2001); Goodman v. Harbor Market, Ltd., 278 Ill. App. 3d 684, 691 (1995). We are bound by that determination.

Accordingly, we affirm the judgment of the circuit court.

Affirmed.

McNULTY, P.J., and O'MALLEY, J., concur.