BRENDA HAYES, Adm'r of the Estate of Vincent Hayes, Plaintiff, v. MERCY HOSPITAL AND MEDICAL CENTER *et al.*, Defendants (The City of Chicago *et al.*, Third–Party Plaintiffs-Appellants; Michael Jerva, Third–Party Defendant-Appellee; Penn Trailers and Truck Bodies Corporation *et al.*, Third–Party Plaintiffs-Appellants).

First District (4th Division)   Nos. 1—88—1088, 1—88—1113 cons.

Opinion filed March 9, 1989.

442

Judson H. Miner, Corporation Counsel, of Chicago (Ruth M. Moscovitch and L. Anita Richardson, Assistant Corporation Counsel, of counsel), for appellants. ·

Wildman, Harrold, Allen & Dixon, of Chicago (John M. Stalmack, Ruth E. Van Demark, and Daniel R. Gregus, of counsel), for appellee Michael Jerva.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

This appeal involves the question of whether the statutory period of repose governing medical malpractice claims can bar a third-party

action in contribution against a physician.

Vincent Hayes, not a party to this appeal, was injured on January 1, 1982. On December 29, 1983, he filed an action against numerous defendants, including the City of Chicago, Penn Trailers and Truck Bodies Corporation, and Michael Jerva, M.D. On January 29, 1985, Dr. Jerva was dismissed with prejudice pursuant to a stipulation between Dr. Jerva and Brenda Hayes, who was substituted as plaintiff upon the death of Vincent Hayes. On October 24, 1986, Penn Trailers filed a third-party complaint in contribution against Dr. Jerva, alleging acts of negligence arising out of the care and treatment of Vincent Hayes on January 1, 1982. The City of Chicago filed a similar complaint on October 28, 1986. Dr. Jerva moved to dismiss the third-party complaints. The basis for the motion was that more than four years had elapsed since the alleged negligence of Dr. Jerva and therefore the third-party action was barred by the four-year period of repose governing medical malpractice claims. Ill. Rev. Stat. 1985, ch. 110, par. 13—212.

■ Section 13—212 of the Code of Civil Procedure provides in pertinent part:

> "No action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or *otherwise,* arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, *but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death* except as provided in Section 13—215 of this Act. (Emphasis added.) Ill. Rev. Stat. 1985, ch. 110, par. 13—212.

On appeal, the City of Chicago and Penn Trailers and Truck Bodies Corporation (City) contend that the four-year period of repose in section 13—212 does not apply to contribution actions. In support of this contention, the City maintains that under the express language of the statute the term "otherwise," contained in section 13—212 ("[n]o action for damages for injury or death against any physician *** whether based upon tort, or breach of contract, or *otherwise,* arising out of patient care"), refers to unspecified theories of liability supporting an "action for damages for injury or death." (Emphasis

added.) (Ill. Rev. Stat. 1985, ch. 110, par. 13—212.) According to the City, a contribution action is not an "action for damages for injury or death" but is a separate and independent action which is equitable in nature, designed to insure that all tortfeasors shoulder their fair share of the burden of damages awarded in the underlying, direct action.

■ We disagree with the City's proposed reading of section 13—212. "Otherwise" is by definition a broad term. It is defined to mean "in a different way or manner," "under different circumstances," and "in other respects." (Webster's Third New International Dictionary 1598 (1981).) A plain reading of the pertinent statutory language indicates that section 13—212 applies to all medical malpractice claims against physicians regardless of the posture of the claim. Thus a contribution action is just a "different way" of bringing an action for damages for injury or death against a physician.

In concluding that the language of section 13—212 includes actions for contribution, we find *Hartford Fire Insurance Co. v. Architectural Management, Inc.* (1987), 158 Ill. App. 3d 515, 511 N.E.2d 706, persuasive. *Hartford* construed the language of a similar statute—the building-construction statute of limitations which includes a 12-year period of repose. Ill. Rev. Stat. 1981, ch. 110, par. 13—214(b).

Section 13—214(b) provides in pertinent part:

"No action based upon tort, contract or *otherwise* may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 12 years have elapsed from the time of such act or omission. However, any person who discovers such act or omission prior to expiration of 12 years from the time of such act or omission shall in no event have less than 2 years to bring an action as provided in subsection (a)." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110, par. 13—214(b).)

The court in *Hartford* held that under section 13—214(b) third-party claims for contribution arising out of an act or omission in the construction process which were not filed within the statute's 12-year period of repose were time barred. The court's holding was based primarily on the "broad[ ] and unequivocal[ ]" language of the statute in addition to the legislative history which indicated an intent that section 13—214(b) govern all actions against persons involved in construction-related activities. *Hartford*, 158 Ill. App. 3d at 518, 511 N.E.2d at 708.

■ Because of the similarity between the statutes, we adopt

*Hartford's* construction and hold that based on the broad and unequivocal language, section 13—212 governs all medical malpractice claims including actions in contribution. Although, as the City points out, the legislative history regarding the enactment of section 13—212 is minimal, we think such a reading is consistent with the purpose of setting a four-year period of repose in order to prevent extended exposure to liability in medical malpractice cases. (*Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 240, 243-44, 447 N.E.2d 408, 415, 417.) Placing a four-year firm outer limit on the time between the last act or omission constituting the alleged malpractice and the filing of the suit cuts off the long tail of liability that the discovery rule had previously allowed and enables malpractice insurers to predict future liabilities and alleviate their need to maintain loss reserves past the four-year period. *Roberson v. Taylor* (1983), 115 Ill. App. 3d 587, 591, 451 N.E.2d 16, 18.

Further, although sections 13—212 and 13—214(b) were enacted at different times, during the House debates, the sponsor of the bill later codified as section 13—214 (House Bill 1031) recognized that the purpose behind the building-construction statute of limitations was similar to the purpose behind the medical malpractice statute of limitations.

> "Representative Dunn: *** [W]e have enacted the Products Liability statute of limitations and a statute of limitations for physicians. In light of that background, this seems like a reasonable thing to do to protect those who construct improvements to real property. At the present time, they have no protection whatsoever from negligence. There is no, no limitation whatsoever. The time limit is two years from discovery. Discovery can take place 75 years after construction." (81st Ill. Gen. Assem., House Proceedings, May 25, 1979, at 30.)

We agree with Dr. Jerva that it would be paradoxical to accept the City's argument that the repose period in the building-construction statute bars contribution as decided in *Hartford* but that the repose period of the medical malpractice statute does not.

Finally, in this regard we note that the conclusion that section 13—212 is meant to apply to all medical malpractice claims against physicians is not new. In *Roberson v. Taylor* (1983), 115 Ill. App. 3d 587, 451 N.E.2d 16, this court, in rejecting the plaintiff's argument that section 13—212 should not apply because damages for economic loss rather than damages for "injury or death" were being sought, stated that section 13—212 "unambiguously appl[ies] to all medical and malpractice claims against physicians." *Roberson*, 115 Ill. App. 3d

at 589, 451 N.E.2d at 17, citing *Moore v. Jackson* (1983), 95 Ill. 2d 223, 235, 447 N.E.2d 408, 413.

The City also argues that a repose period already exists for contribution actions and therefore the medical malpractice period of repose is inapplicable. The City maintains that the time limitations for contribution actions are found in section 13—204 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—204), section 5 of the Contribution Act (Ill. Rev. Stat. 1985, ch. 70, par. 305), and *Laue v. Leifheit* (1984), 105 Ill. 2d 191, 473 N.E.2d 939, which when read in conjunction with each other stand for the proposition that the City's claim for contribution was timely because it was filed during the pendency of the underlying direct action by Brenda Hayes, the original plaintiff.

Section 13—204 states:

"No action for contribution among joint tortfeasors shall be commenced with respect to any payment made in excess of a party's pro rata share more than 2 years after the party seeking contribution has made such payment towards discharge of his or her liability." Ill. Rev. Stat. 1985, ch. 110, par. 13—204.

Section 5 of the Contribution Act states:

"A cause of action for contribution among joint tortfeasors may be asserted by a separate action before or after payment, by counterclaim or by third-party complaint in a pending action." Ill. Rev. Stat. 1985, ch. 70, par. 305.

*Laue v. Leifheit* held that under section 5 of the Contribution Act, if there is a pending action, then the party seeking contribution must assert a claim by counterclaim or by third-party claim while the original action is pending.

█ Initially, we note that while section 13—204 expressly bars contribution actions brought more than two years after payment by a joint tortfeasor, it does not state that all contribution actions brought within two years are timely. (*Hartford Fire Insurance Co. v. Architectural Management, Inc.* (1987), 158 Ill. App. 3d 515, 518, 511 N.E.2d 706, 708.) Nor does the section 5 of the Contribution Act state that all claims in contribution brought during the pendency of the underlying action are timely filed. *Laue*, which construed the language of section 5 of the Contribution Act, merely held that the language in section 5 providing that a contribution claim may be asserted by a "separate action before or after payment" covers situations where no suit is pending which was initiated by the injured party; however, if there is a pending action, the contribution claim should be asserted "by counterclaim or by third-party claim" in that action.

(*Laue*, 105 Ill. 2d at 196, 473 N.E.2d at 941-42.) Thus, contrary to the City's position, we do not believe that section 13—204, section 5 of the Contribution Act, and *Laue* address the question of whether a contribution claim filed in a medical malpractice action is timely filed.

Further, any time limitations established by either section 13—204 or section 5 of the Contribution Act apply generally to contribution actions. Section 13—212 applies to actions arising out of certain conduct by certain people in the health care profession. Since a more specific statute controls over a general statute (*Calumet Country Club v. Roberts Environmental Control Corp.* (1985), 136 Ill. App. 3d 610, 612, 483 N.E.2d 613, 615), we find that section 13—212 governs the time within which a medical malpractice claim must be brought. See *La Salle National Bank v. Edward M. Cohon & Associates, Ltd.* (1988), 177 Ill. App. 3d 464, 473, 532 N.E.2d 314, 320.

For the foregoing reasons we find that the applicable statute of repose is found in section 13—212. Because the City's action was filed more than four years after the date of the alleged negligent acts of Dr. Jerva, we hold that the trial court properly dismissed the City's third-party complaint against Dr. Jerva.

Affirmed.

LINN and McMORROW, JJ., concur.