CHARLENE PEDERSON *et al.*, Plaintiffs, v. JAMES WEST *et al.*, Defendants and Third-Party Plaintiffs-Appellants (Charles W. Mercier, Third-Party Defendant-Appellee).

First District (6th Division)   No. 1—89—2061

Opinion filed October 5, 1990.

Allen L. Wiederer, of Chicago, for appellants.

Wildman, Harrold, Allen & Dixon, of Chicago (Ruth E. VanDemark, Donald R. McGarrah, Timothy W. Heath, and Ellen Keefe-Garner, of counsel), for appellee.

JUSTICE EGAN delivered the opinion of the court:

The issues in this case are whether an action for equitable apportionment is subject to the statute of limitations and repose applicable to medical malpractice claims (Ill. Rev. Stat. 1987, ch. 110, par. 13—212(a)) and whether the defense of the statute of limitations and repose was itself timely raised in the trial court.

On November 20, 1981, Charlene Pederson (Pederson) and John Norton (Norton) were passengers in a taxicab owned by Yellow Cab Company (Yellow Cab) and driven by James West (West); they were injured when the taxicab in which they were riding collided with an-

other taxicab. On December 29, 1981, Pederson saw Dr. Charles W. Mercier (Mercier) for treatment of a neck injury suffered in the accident. Mercier prescribed two drugs, Prednisone and Indocine. Pederson developed a bleeding ulcer allegedly as a result of taking these drugs in combination; she was hospitalized on January 5, 1982, and underwent emergency surgery during which a portion of her stomach was removed.

On April 8, 1982, Pederson and Norton filed suit against Yellow Cab and West seeking damages for their injuries, including the aggravation "of a previous condition of [Pederson's] stomach, [which] caus[ed] it to ulcer and require surgery." Yellow Cab was served on May 4, 1982, and West was served on May 5, 1982. Yellow Cab appeared and answered the complaint on May 18, 1982. West, represented by the same attorneys as Yellow Cab, eventually filed his appearance and answer on May 16, 1985.

Apparently, after Yellow Cab had taken Pederson's discovery deposition, it filed supplemental interrogatories on December 7, 1982. These interrogatories were directed at the drugs prescribed by Mercier, seeking "the full name of the drug to which the plaintiff is allergic," the substance of any conversations with Mercier after her appointment with him but before she was admitted to the hospital, and any advice rendered to her by Mercier. On September 9, 1983, the judge ordered that a subpoena issue requiring Mercier to appear for a discovery deposition by Yellow Cab. On April 6, 1984, the judge granted leave for issuance of subpoenas for depositions of the two doctors who treated Pederson at the hospital, and the one doctor who examined her. On June 4, 1985, Yellow Cab and West indicated in their response to a request for production that they had transcripts of the depositions of the plaintiffs, Mercier, and the other doctors.

On January 17, 1986, Yellow Cab and West filed their third-party complaint for equitable apportionment against Mercier. This filing was made 4 years and 12 days after Mercier's allegedly negligent conduct occurred and three years, nine months and nine days after the plaintiffs' original complaint was filed. The third-party complaint alleged that Mercier was negligent in prescribing Indocine and Prednisone in combination, thus causing a new and different injury to Pederson. The third-party plaintiffs asked that Mercier "be obliged to pay those sums that the trier of fact would equitably apportion as to his conduct in causing the upper GI distress suffered *** by [Pederson]."

On October 28, 1986, Mercier filed his answer to the amended third-party complaint in which he denied the allegations of negligence.

On April 13, 1989, Mercier orally moved for leave to file the af-

firmative defense of the statute of limitations and repose to the amended third-party complaint; a written motion was filed on April 17, 1989. On June 7 the case was set for trial on July 7. On June 16, before the court had ruled on the motion for leave to file the affirmative defense, Mercier filed a motion for summary judgment pursuant to section 2—1005 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005) based on the statute of limitations and repose in section 13—212 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 13—212). On June 26 the trial judge granted Mercier leave to file his affirmative defense. On July 10 the judge dismissed the plaintiffs' underlying action, which apparently was settled, and granted Mercier's motion for summary judgment against Yellow Cab and West on the ground that the third-party complaint was time barred under section 13—212(a) of the Code of Civil Procedure. Ill. Rev. Stat. 1987, ch. 110, par. 13—212(a).

■ The first issue is whether the trial judge erred in concluding that the statute of limitations and repose in section 13—212(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—212(a)) applies to equitable actions in general and to an action for equitable apportionment in particular. Section 13—212(a) provides:

"[N]o action for damages for injury or death against any physician *** , whether based upon tort, or breach of contract, *or otherwise*, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but *in no event shall such action be brought more than 4 years after the date on which occurred the act* or omission or occurrence alleged in such action to have been the cause of such injury or death." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 110, par. 13—212(a).

We judge that *Hayes v. Mercy Hospital & Medical Center* (1990), 136 Ill. 2d 450, 557 N.E.2d 873, is dispositive and is a clear rejection of the argument of Yellow Cab and West. In *Hayes* the underlying plaintiff sued several defendants including a physician. The physician was dismissed pursuant to a stipulation with the plaintiff. The other defendants filed third-party complaints "in contribution" against the physician almost 4 years and 10 months after the injury to the underlying plaintiff allegedly caused by the physician. The appellate court affirmed the dismissal of the third-party complaints on the ground that they were barred by the four-year period of repose governing

medical malpractice claims. (*Hayes v. Mercy Hospital & Medical Center* (1989), 180 Ill. App. 3d 441, 535 N.E.2d 1137.) After oral argument in this court, the supreme court affirmed the appellate court, making the following observations:

"We believe that the medical malpractice statute of repose bars *any action* after the period of repose seeking damages against a physician or other enumerated health-care provider for injury or death arising out of patient care, *whether at law or in equity.*

Because we find that the statute of repose is not limited to actions at law, we need not address the plaintiffs' argument that this court's decision in *Doyle v. Rhodes*, 101 Ill. 2d at 1, established the principle that an action for contribution is a suit in equity." (Emphasis added.) 136 Ill. 2d at 456.

"[W]e believe that the term 'or otherwise' in the medical malpractice statute of repose includes actions for contribution against a physician for injuries arising out of patient care. *** The inclusion of the term 'or otherwise' following more restrictive language in the statute seems to us to indicate that the legislature intended the term to be all-inclusive. We believe that the term demonstrates the General Assembly's desire at the time it originally enacted the statute to limit a physician's exposure to liability for damages for injury or death arising out of patient care *under all theories of liability*, whether then existing or not." (Emphasis added.) 136 Ill. 2d at 458-59.

■■ ■ We must express recognition that the third-party complaint before us is for "equitable apportionment" and the third-party complaint in *Hayes* was for "contribution." In our judgment, the entitlements of the complaints are immaterial. The character of a pleading is to be determined from its contents rather than its label. (*Barnes v. Southern Ry. Co.* (1987), 116 Ill. 2d 236, 507 N.E.2d 494.) Both third-party complaints maintain that the underlying plaintiff was allegedly injured due to the negligence of the third-party plaintiffs and that the underlying plaintiff suffered additional injury later due to the negligence of medical personnel; both third-party complaints seek money from the medical personnel. An action for "contribution" under the facts alleged in the *Hayes* complaint is just as "equitable" in nature as is an action for "equitable apportionment" under the facts alleged in this complaint. The *Hayes* court identified *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 461 N.E.2d 382, as a holding that an action for contribution was an equitable action. (*Hayes*, 136 Ill. 2d at 456; see also *Van Jacobs v. Parikh* (1981), 97 Ill. App. 3d 610, 422 N.E.2d 979 (com-

plaint couched in terms of equitable apportionment alleged a claim for contribution).) For these reasons, we conclude under the authority of *Hayes* that the trial court properly dismissed the third-party complaint on the ground that it was not timely filed.

The third-party plaintiffs maintain, alternatively, that Mercier waived the defense of the statute of repose by failing to assert it timely in the trial court.

The third-party complaint was filed on January 17, 1986. On May 21, Mercier filed a motion to dismiss, but the motion was not based on the statute of limitations. The motion to dismiss was granted. On October 1, 1986, Yellow Cab and West filed an amended third-party complaint. On October 30, Mercier filed his answer. The answer did not include an affirmative defense based upon the statute of limitations. Up to July 1987, eight depositions were taken in connection with the third-party complaint, including the retaking of the depositions of both third-party plaintiffs and two doctors. On April 17, 1989, the case was called on the special call of cases to be set "must go" for trial. At that time Mercier filed a motion for leave to file an affirmative defense based upon the statute of limitations. Thus, 39 months elapsed between the filing of the third-party complaint and the filing of the affirmative defense.

The third-party plaintiffs maintain that since Mercier engaged "in plenary discovery," including filing interrogatories, requests for production and answers to their requests for written discovery and the taking of eight depositions, Mercier has waived the defense of the statute of limitations.

In support of their position the third-party plaintiffs rely on *Turner v. Cosmopolitan National Bank* (1989), 180 Ill. App. 3d 1022, 536 N.E.2d 806. In *Turner*, the plaintiff filed a complaint for personal injuries exactly two years after the injuries suffered in 1974. A little over a month later the defendant trustee, apparently under a land trust, was dismissed; and the plaintiff was given leave to amend the complaint to name as defendants two individuals, apparently the beneficiaries of the land trust. Over five years later, the plaintiff added the two individuals as defendants, voluntarily dismissed his action and refiled it two months after that. The defendants filed their answer five months later without asserting the statute of limitations as an affirmative defense.

Thereafter, numerous pleadings and motions were filed, extensive discovery was had and the case was placed on the trial court for November 13, 1984. The defendants did not raise the issue of the statute of limitations until March 1986, when they filed a motion for sum-

mary judgment. By that time the case had been called for trial nine different times, but had been continued each time at the request of the defense counsel. The defendants' motion for summary judgment was denied by one judge, and another judge later granted a second motion for summary judgment filed by the defendants. After settlement negotiations were unsuccessful, the judge granted the plaintiff's motion for reconsideration of the grant of summary judgment, and the case was tried.

■■ The appellate court noted the 3½-year delay between the service of summons on the trustee and the filing of the motion for summary judgment which first raised the affirmative defense, the "plenary discovery" engaged in by the defendants in the meantime as well as the fact that the case had been continued nine times at the defendants' request. The court affirmed the trial court, noting that decisions to permit the late filing of an affirmative defense "are best left to the informed discretion of the trial court." 180 Ill. App. 3d at 1029.

We do not agree with Mercier's contention that *Turner* is "strikingly unsimilar" to this case or that the facts of *Turner* are "without application or analogy to the facts of this case." We believe that *Turner* is respectable authority, but we do not think that it compels a reversal of the trial judge's determination.

■■ As noted in *Turner*, the timeliness of a request to amend pleadings is a discretionary determination by the trial judge, and the trial judge's exercise of discretion will not be disturbed absent a showing of an abuse of that discretion. (*Schenker v. Chicago Title & Trust Co.* (1984), 128 Ill. App. 3d 488, 470 N.E.2d 1264.) The explanation given by Mercier for the delay in filing the affirmative defense is that, until the appellate court decided *Hayes v. Mercy Hospital & Medical Center* in March 1989, he was not aware that the statute of limitations and repose applicable to medical malpractice claims embraced actions for contribution (and thereby actions for equitable apportionment).

The third-party plaintiffs respond that section 13—212(a) was first enacted in 1979 (as section 21.1 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 22.1)). Therefore, the third-party plaintiffs argue, Mercier knew or should have known that section 13—212 was applicable to their third-party complaint. The third-party plaintiffs also respond that the same law firm representing Mercier represented one of the defendants in *Hayes* and, therefore, the law firm that filed a motion to dismiss in *Hayes* on September 25, 1987, on the ground that the actions were barred by section 13—212(a) should have filed a

similar motion in this case at or near the same date.

▉ The third-party plaintiffs' arguments are subject to counter arguments. First, the question of what statutes of limitations are applicable to third-party complaints has been the subject of a large number of opinions. The parties in those other cases have approached the problem on the basis of many different theories. Some of the opinions have been conflicting. For example, as the third-party plaintiffs themselves point out, the appellate court opinion in *Hayes* is directly contrary to the opinion of the Second Appellate District in *Antunes v. Sookhakitch* (1989), 181 Ill. App. 3d 621, 537 N.E.2d 333, decided two months after the First District Appellate Court decided *Hayes*. Moreover, the supreme court opinion itself, a four-to-three decision, illustrates that the answer to the question is not obvious. Under the circumstances, we cannot say that it should have been clear to Mercier at the time the third-party complaint was filed that section 13—212 applied.

▉ Second, we cannot accept the third-party plaintiffs' argument that Mercier should be charged with knowledge that section 13—212 was applicable to this case because the same law firm that represented him had urged that argument in *Hayes* (and in *Antunes* as well). Ruth E. Van Demark was one of the attorneys from the firm of Wildman, Harrold, Allen and Dixon who represented the physician in *Hayes* in the appellate court. She was also one of the attorneys for the physician in *Antunes*. She is lead counsel on the brief in this court, and she has orally argued here on behalf of Mercier. But she was not involved in this case in the trial court. The firm of Wildman, Harrold, Allen and Dixon has offices in five States and consists of over 140 lawyers. If we were to accept the argument of the third-party plaintiffs, we would be required to impute to Mercier the knowledge possessed by all the lawyers in the firm. It is the general rule that knowledge of an attorney may be imputed to a client. (*Laff v. John O. Butler Co.* (1978), 64 Ill. App. 3d 603, 381 N.E.2d 423.) But we know of no case, and the third-party plaintiffs have cited none, extending the general rule to the extent required if we were to accept the third-party plaintiffs' argument. Our research discloses one case on the question, *McIntyre v. Cox* (1975), 68 Wis. 2d 597, 229 N.W.2d 613. In that case one partner in a law firm represented an estate and knew of an agreement between a son and his mother. The son maintained that that partner's knowledge of the agreement was to be imputed to a second partner and, therefore, to be also imputed to the second partner's client. The supreme court of Wisconsin spoke thus:

"While knowledge on the part of [the client] is alleged, the

allegation is one of law, *i.e.*, the knowledge is only by imputation because a former partner of the lawyer conducting the transaction had actual knowledge. We decline to give validity to this far-fetched imputation and conclude that knowledge will not be imputed as a matter of law under these circumstances." 68 Wis. 2d at 603.

One final observation on this point: the third-party plaintiffs do not urge imputation of knowledge of facts; they ask that we impute the thought processes of one lawyer, who recognized a possible legal theory, to another lawyer and thereby to the client. In other words, the third-party plaintiffs conclude that Mercier should have known that some court of review would accept the legal argument that section 13—212 was applicable to third-party actions for equitable apportionment. We cannot accept that argument, and we cannot say that the trial judge abused her discretion in permitting Mercier to file the affirmative defense. For these reasons, the judgment of the circuit court is affirmed.

Judgment affirmed.

LaPORTA, P.J., and RAKOWSKI, J., concur.