NORMA MALINOWSKI, Adm'r of the Estate of John Malinowski, Deceased, Plaintiff-Appellant, v. UREDDI MULLANGI, Defendant-Appellee.

First District (4th Division)   No. 1—90—1966

Opinion filed November 27, 1991.—Rehearing denied January 24, 1992.

Mullen & Minella, of Chicago (John C. Mullen and Michael T. Mullen, of counsel), for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini, Tyler Jay Lory, and Sonia V. Odarczenko, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Norma Malinowski, plaintiff, administrator of the estate of John Malinowski, deceased, appeals from an order of the circuit court of Cook County dismissing a wrongful death claim against defendant, Dr. Mullangi. The sole issue on review is whether the trial court erred in finding plaintiff's claim was barred by the statute of limitations pursuant to section 13—212(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—212(a)).

We affirm.

In November 1983, John Malinowski, decedent, had a physical examination from Lakeside Radiological, Inc. As a part of the examination, a chest X ray was taken and interpreted by defendant as being "normal and clear." Although defendant interpreted the X ray and drafted the X-ray report, he did not sign or place his name on the report. Instead, defendant had an arrangement with Dr. Harold Katzen, also a radiologist, whereby Dr. Katzen would sign his own name to reports that defendant had generated.

In September 1986, John Malinowski was diagnosed with a cancerous tumor in his lung. The tumor was removed, and he was informed that the cancer had been eradicated. The record reveals that he knew defendant had failed to identify a density in the lung but that he had no intention of filing a lawsuit for medical malpractice. Five months later, in February of 1987, John Malinowski discovered that he had cancerous tumors in his brain which had originated from the cancerous lung tumor. He nevertheless continued to forgo filing a medical malpractice claim against defendant. John Malinowski died in

February of 1988, four years and two months after the alleged negligent act occurred.

On November 30, 1989, plaintiff filed a wrongful death action against defendant for failure to diagnose cancer. The action on behalf of decedent's estate and next of kin was filed within two years of his death and six years after the alleged act of medical negligence occurred. Defendant moved to dismiss the claim, contending that plaintiff's action was barred by the statute of limitations for medical malpractice. (Ill. Rev. Stat. 1987, ch. 110, par. 13—212(a).) Plaintiff subsequently amended her response to assert that the minor daughter's wrongful death claim was timely filed pursuant to section 13—212(b). After a hearing on the motion, the trial court found that plaintiff failed to bring her complaint within the statute of limitations and dismissed the action. Plaintiff appeals the trial court's finding and requests this court to vacate the order of dismissal.

On appeal, plaintiff contends that the trial court erred in finding the minor child's claim in a wrongful death action had expired when the action was filed in November of 1989. Plaintiff further contends that the eight-year statute of repose contained in section 13—212(b) of the Illinois Code of Civil Procedure applies in this case and that section 2 of the Wrongful Death Act (Ill. Rev. Stat. 1987, ch. 70, par. 2) tolls the statute of limitations to preserve a minor's claim for wrongful death for two years after the minor child reaches the age of 18.

■■ ■ Section 13—212(b) of the Illinois Code of Civil Procedure provides in pertinent part:

> "[N]o action for damages for injury or death against any physician ***, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 8 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death *where the person entitled to bring the action was, at the time the cause of action accrued, under the age of 18 years ***.*" (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 110, par. 13—212(b).)

The relevant section of the Wrongful Death Act provides, in pertinent part, as follows:

> "Every such action shall be commenced within 2 years after the death of such person ***. *** However, if a person entitled to recover benefits under this Act, is, at the time the cause of action accrued, within the age of 18 years, he or she may cause such action to be brought within 2 years after attainment of the age of 18." Ill. Rev. Stat. 1987, ch. 70, par. 2.

--

■ Defendant contends that although plaintiff's negligence claim is based on the Wrongful Death Act, the action falls within the purview of section 13—212(a). That section provides in pertinent part:

"[N]o action for damages for injury or death against any physician ***, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, *but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death.*" (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 110, par. 13—212(a).)

Defendant contends that this section requires that actions for injuries arising out of medical treatment be brought within four years of the alleged negligent act. Defendant further argues that since John Malinowski did not file an action within four years of the alleged misdiagnosis, an action by decedent's minor child is also barred by the statute of limitations. We agree with defendant.

■ The law is clear. "[S]ection 13—212 bars claims related to medical treatment filed more than two years after plaintiff knew or should have known of an alleged injury, and *absolutely* bars claims filed more than four years from the date of the act giving rise to the cause of action." (Emphasis added.) (*McIntyre v. Christ Hospital* (1989), 181 Ill. App. 3d 76, 80.) The alleged misdiagnosis occurred in November 1983 when defendant interpreted decedent's chest X ray as normal and clear. In September 1986, John Malinowski was informed of the misdiagnosis and chose not to bring an action against defendant. In February 1987, when he learned that he had cancerous tumors in his brain, he continued to forgo filing a medical malpractice claim. In November 1987, four years had lapsed since the alleged misdiagnosis. Thus decedent, who was alive at the time, was himself barred from bringing an action. Therefore, after decedent's death in February of 1988, plaintiff was also barred from bringing an action.

Plaintiff argues that the statutory language contained in the Wrongful Death Act preserves the minor child's claim until two years after the minor reaches the age of 18. Plaintiff further argues that since decedent's child is a minor, the eight-year statute of repose must apply.

Contrary to plaintiff's contention, section 2 of the Wrongful Death Act does not preserve the minor child's wrongful death action in this case for two reasons. First, we recognize that all actions for injury or death predicated upon the alleged negligence of a physician are governed by section 13—212. (*Hayes v. Mercy Hospital & Medical Center* (1990), 136 Ill. 2d 450, 456; *Pederson v. West* (1990), 205 Ill. App. 3d 200, 204.) Our supreme court stated that "the medical malpractice statute of repose bars any action after the period of repose seeking damages against a physician *** for injury or death arising out of patient care, whether at law or in equity." (*Hayes*, 136 Ill. 2d at 456.) In addition, the court interpreted the "or otherwise" language contained in section 13—212 as encompassing all actions arising out of alleged negligent acts of physicians in rendering patient care. (*Hayes*, 136 Ill. 2d at 458-59.) Second, our supreme court has consistently held that there can be no cause of action for wrongful death unless the decedent had a viable cause of action against the wrongdoer at the time of death. (See *Mooney v. City of Chicago* (1909), 239 Ill. 414; *Real v. Kim* (1983), 112 Ill. App. 3d 427.) In the case at bar, the decedent had no viable cause of action at the time of his death.

Because plaintiff had no viable cause of action at the time of decedent's death, we find that the trial court properly dismissed her medical malpractice action pursuant to section 13—212(a) of the Illinois Code of Civil Procedure. Neither the tolling provision of the Wrongful Death Act nor the tolling provisions contained in section 13—212 are relevant, as decedent allowed his cause of action to lapse prior to his death. See *Kim*, 112 Ill. App. 3d 427.

■ Plaintiff also contends that defendant is estopped from raising a statute of limitations defense in this case because he fraudulently concealed his identity. Plaintiff cites *Witherell v. Weimer* (1981), 85 Ill. 2d 146, for the proposition that a physician who takes certain actions which preclude a plaintiff from filing a timely action against him is prevented from raising the statute of limitations defense. Plaintiff contends that the arrangement defendant had with Dr. Katzen prevented patients from learning of his identity until after the statute of limitations had run.

We do not believe that defendant's failure to authenticate the radiologist's report with his signature constitutes fraudulent concealment. In addition, unlike the physicians in *Witherell*, defendant in the case at bar did not deter plaintiff or decedent from filing suit. Moreover, plaintiff in this case did not bring an action against the named physician on the X-ray report until more than four years after the alleged misdiagnosis.

We therefore hold that the trial court properly rejected plaintiff's claim that defendant was estopped from raising the statute of limitations defense because he fraudulently concealed his name from the X-ray report.

For the foregoing reasons, we affirm the ruling of the circuit court of Cook County.

Affirmed.

JIGANTI, P.J., and LINN, J., concur.