627 N.E.2d 67 (1993)
254 Ill. App.3d 492
193 Ill.Dec. 908
Carolyn DURHAM, Special Administrator of the Estate of Mack Durham, Plaintiff-Appellant,
v.
MICHAEL REESE HOSPITAL FOUNDATION, formerly known as Michael Reese Hospital and Medical Center, a corporation, Dr. CD. Campbell, and Dr. G. Piano, Defendants-Appellees (Shiley, Inc., a corporation, Defendant).
No. 1-91-4099.
Appellate Court of Illinois, First District, Third Division.
September 15, 1993.
*68 Michael W. Rathsack, Chicago (Louis S. Goldstein, Cindy G. Fluxgold, Michael W. Rathsack, of counsel), for plaintiff-appellant.
Lord, Bissell & Brook, Chicago (Hugh C. Griffin, David C. Hall, Sandra K. MacAuley, of counsel), for defendants-appellees Michael Reese Hosp. and Dr. G. Piano.
Edward B. Ruff, III, Pretzel & Stouffer, Chartered, Chicago (Robert Marc Chemers, Anne Scheitlin Johnson, of counsel), for defendant-appellee, Dr. C.D. Campbell.
No Attorneys for defendant, Shiley, Inc., a Corp.
Presiding Justice TULLY delivered the opinion of the court:
This is an appeal from an order of the circuit court of Cook County, the Honorable Thomas E. Hoffman, judge presiding, dismissing the action of plaintiff Carolyn Durham, as special administrator of the estate of Mack Durham, pursuant to section 2-619 of the Code of Civil Procedure (section 2-619) (Ill.Rev.Stat.1991, ch. 110, par. 2-619 (now codified as 735 ILCS 5/2-619 (West 1992))). Jurisdiction is vested in this court pursuant to Supreme Court Rule 304. 134 Ill.2d R. 304.
For the reasons which follow, we affirm.

FACTUAL BACKGROUND
The following facts are uncontroverted by the parties: On March 16, 1986, plaintiff's decedent, Mack Durham, received a heart valve implant while a patient at defendant Michael Reese Hospital Foundation (Michael Reese). Subsequently, on June 18, 1989, decedent died. Plaintiff attributes decedent's death to the valve's having allegedly malfunctioned.
On July 10,1990, plaintiff filed a complaint in the circuit court of Cook County against Michael Reese. Plaintiff later amended her complaint twice; first adding Shiley, Inc., as a defendant under a product liability claim and then later adding defendants Dr. C.D. Campbell (Campbell) and Dr. G. Piano (Piano), the physicians who inserted the valve into decedent at Michael Reese, under a medical malpractice theory.
On July 8, 1991, Michael Reese moved to dismiss plaintiff's second amended complaint pursuant to section 2-619 arguing, inter alia, that plaintiff's claim was time barred pursuant to the four-year repose provision contained in section 13-212(a) of the Code of Civil Procedure (section 13-212(a)) (Ill.Rev. Stat.1989, ch. 110, par. 13-212(a) (now codified as 735 ILCS 5/13-212(a) (West 1992))). Plaintiff filed a response asserting that her claim was timely in that it was governed by the limitation provision contained in section 2 of the Wrongful Death Act (Ill.Rev.Stat.1989, ch. 70, par. 2 (now codified as 740 ILCS 180/2 (West 1992))) rather than section 13-212(a). Subsequently, Piano and Campbell filed similar motions to dismiss to which plaintiff responded in a like manner.
In its order of November 5, 1991, the trial court granted Michael Reese's motion to dismiss with prejudice. At the hearing on the motion, the trial court held that plaintiff's claims were time barred by the repose provision of section 13-212(a). Specifically, the *69 trial court found that the General Assembly's intent was clear in enacting section 13-212(a) in that it put an absolute four-year statute of repose on medical negligence actions whether such actions are brought by reason of injury or death. Moreover, the trial court held that the four-year repose period runs from the date of the act alleged to have caused the death, not from the actual date of death. Similarly, Campbell and Piano's motions to dismiss were also granted with prejudice.
It is from the orders granting defendants' motions to dismiss that plaintiff now appeals to this court.

ISSUE ON APPEAL
The sole issue to be determined in this appeal is whether the four-year repose provision found in section 13-212(a) governing medical malpractice actions or the two-year limitation period provided for in the Wrongful Death Act applies to a medical malpractice case where it is alleged that the purported malpractice caused the decedent's death.

OPINION
We begin our discussion of this case by noting that "[a] section 2-619 motion is designed to provide a summary disposition of issues of law or easily proved issues of fact. [Citation.] Such a motion admits all well-pleaded facts alleged in the complaint and reasonable inferences to be drawn on those facts." (Chicago Title & Trust Co. v. Weiss (1992), 238 Ill.App.3d 921, 924, 179 Ill.Dec. 78, 605 N.E.2d 1092.) Thus, as the facts pertinent to this appeal are uncontroverted, we need only determine whether this action was commenced within the time limited by law.
Section 2 of the Wrongful Death Act, which plaintiff contends is controlling in this case, provides that "[e]very such action shall be commenced within 2 years after the death of such person." (Ill.Rev.Stat.1989, ch. 70, par. 2 (now codified as 740 ILCS 180/2 (West 1992))). However, section 13-212(a) provides, in relevant part, as follows:
"Physician or hospital, (a) Except as provided in Section 13-215 of this Act, no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death." (Emphasis added.) Ill. Rev.Stat.1989, ch. 110, par. 13-212(a) (now codified as 735 ILCS 5/13-212(a) (West 1992)).
After a careful review of plaintiff's brief and the cases cited therein, we have not found the cited cases to support her argument. Rather, we believe the relevant case law inextricably leads to the conclusion that all actions for injury or death predicated upon the alleged negligence of a physician are governed by section 13-212(a).
Our supreme court in Hayes v. Mercy Hospital & Medical Center (1990), 136 Ill.2d 450, 145 Ill.Dec. 894, 557 N.E.2d 873, held that an action for contribution among medical providers in a medical malpractice case must be brought within the four-year period of repose contained in section 13-212(a). In Hayes, the court stated in no uncertain terms that it "believe[d] that the medical malpractice statute of repose bars any action after the period of repose seeking damages against a physician * * * for injury or death arising out of patient care * * *." (Emphasis added.) (Hayes, 136 Ill.2d at 456, 145 Ill.Dec. 894, 557 N.E.2d 873.) Moreover, the Hayes court noted the intent of the General Assembly "to limit a physician's exposure to liability for damages for injury or death arising out of patient care all theories of liability, whether then existing or not." (Hayes, 136 Ill.2d at 459, 145 Ill.Dec. 894, 557 N.E.2d 873.) While it is true that the claims barred in Hayes were for contribution, which by necessity cannot be brought until an original action is commenced, rather than a wrongful death itself as is the situation in the case sub *70 judice, we nevertheless believe both the logic and dicta of that case compel the conclusion that section 13-212(a) bars plaintiff's action.
In Real v. Kim (1983), 112 Ill.App.3d 427, 68 Ill.Dec. 139, 445 N.E.2d 783, the appellate court reviewed a circuit court's dismissal of a complaint containing wrongful death and survival claims. The alleged medical malpractice complained-of in the complaint there occurred more than four years before the decedent died or the suit was filed. The Real court, in affirming the trial court, held that the four-year repose provisions of section 21.1 of the Limitations Act (Ill.Rev.Stat.1979, ch. 83, par. 22.1), which is now section 13-212(a), barred both the survival and wrongful death actions. The court based its conclusions with respect to the survival action on the fact that because the repose provisions would have barred the decedent from bringing suit for his injuries prior to his death; the wrongful death claim was similarly barred since, pursuant to section 1 of the Wrongful Death Act, the decedent had no cause of action at the time of his death.
In Wolfe v. Westlake Community Hospital (1988), 173 Ill.App.3d 608, 123 Ill.Dec. 274, 527 N.E.2d 912, the appellate court reversed a trial court's finding that a wrongful death action was barred by the repose provisions of section 13-212(a). In Wolfe, both the decedent's four-year repose period and two-year limitation period under the Wrongful Death Act had not expired at the time that the wrongful death action was filed and, thus, the complaint was timely. The Wolfe court then went on to say that "in a case where the negligent acts are alleged to have been caused by a physician, the medical malpractice statute requires that, in any event, the cause of action must be filed within four years from the date of the negligent acts." (Emphasis added.) Wolfe, 173 Ill.App.3d at 612, 123 Ill.Dec. 274, 527 N.E.2d 912.
In Limer v. Lyman (1991), 220 Ill.App.3d 1036, 163 Ill.Dec. 460, 581 N.E.2d 411, the decedent's representative brought suit against the estate of a physician who had allegedly misdiagnosed the decedent alleging claims for wrongful death and for injuries sustained during the decedent's lifetime. In affirming the trial court's dismissal of the complaint's wrongful death count, the Limer court found the wrongful death claim was barred by the four-year repose provisions of section 13-212(a), regardless of section 13-209(a) of the Code of Civil Procedure (Ill. Rev.Stat.1989, ch. 110, par. 13-209(a) (now codified as 735 ILCS 5/13-209(a) (West 1992))) which generally provides for a one-year extension of the time for a decedent's representative to bring a cause of action that a decedent had during his lifetime if the decedent died before the expiration of time for commencement of the action. The Limer court found the time extension statute did not apply to the wrongful death action, which was a new claim, rather than an action surviving the death of the decedent.
Recently, in the case of Malinowski v. Mullangi (1991), 223 Ill.App.3d 1037, 166 Ill.Dec. 365, 586 N.E.2d 323, the appellate court affirmed the lower court's dismissal of wrongful death action against a radiologist premised on medical malpractice which was filed more than four years from the date of the allegedly negligent treatment. In holding for the defendant-radiologist, the Malinowski court "recognize[d] that all actions for injury or death predicated upon the alleged negligence of a physician are governed by section 13-212." Malinowski 223 Ill. App.3d at 1041, 166 Ill.Dec. 365, 586 N.E.2d 323 citing Hayes, 136 Ill.2d at 456, 145 Ill. Dec. 894, 557 N.E.2d 873; Pederson v. West (1990), 205 Ill.App.3d 200, 204, 150 Ill.Dec. 48, 562 N.E.2d 578.
Thus, in summary, we believe that, as the court in Malinowski stated: "The law is clear." (Malinowski, 223 Ill.App.3d at 1040, 166 Ill.Dec. 365, 586 N.E.2d 323.) Section 13-212(a) is controlling of this case and has barred plaintiff's action as more than four years has elapsed from the date of the alleged negligent treatment of plaintiff's decedent until the complaint's filing.

DISPOSITION
Based upon the foregoing, the judgment of the circuit court of Cook County is affirmed.
Judgment affirmed.
CERDA and GREIMAN, JJ., concur.