Pamela ROWELL, Plaintiff–Appellant,

v.

John H. CLIFFORD, M.D., and Colorado Permanente Medical Group, P.C., a Division of Kaiser Permanente, Defendants–Appellees.

No. 97CA1771.

Colorado Court of Appeals,
Div. II.

Nov. 13, 1998.

Rehearing Denied Dec. 10, 1998.

Certiorari Denied May 10, 1999.

Bogue Koury & Marylander, LLC, Grant Marylander, Victoria J. Koury, Denver, Colorado, for Plaintiff–Appellant.

Pryor Johnson Montoya Carney & Karr, Scott S. Nixon, Erika S. Grant, Elizabeth C. Moran, Englewood, Colorado, for Defendants–Appellees.

Opinion by Judge CASEBOLT.

In this action to recover damages for wrongful death, plaintiff, Pamela Rowell, appeals the summary judgment entered in favor of defendants, John H. Clifford, M.D., and Colorado Permanente Medical Group, P.C. We reverse and remand for further proceedings.

On October 15, 1990, plaintiff's husband underwent a colonoscopy. Tissue samples were obtained and submitted for analysis to Clifford, a pathologist employed by the Colorado Permanente Medical Group, P.C.

On October 17, 1990, Clifford issued a report indicating that the tissue samples showed no evidence of cancer.

On February 19, 1992, another physician informed plaintiff and her husband that husband had colon cancer. Plaintiff's notes from that meeting reflect that the physician indicated the cancer could be seen in one of the pathology slides analyzed by Clifford.

Plaintiff's husband died of colon cancer on September 8, 1996, without having filed any claim against defendants. At the time of his death, the two-year statute of limitations applicable to medical negligence claims had expired.

On October 3, 1996, plaintiff filed this action for wrongful death against defendants. Defendants filed a motion for summary judgment, asserting that plaintiff's claims were barred because, at the time of decedent's death, he could not have maintained a negligence claim against defendants since the two-year statute of limitations had expired. Defendants asserted that, under the Wrongful Death Act, §13–21–202, C.R.S.1998, a decedent must have a viable claim at his or her death before a survivor can bring an independent wrongful death claim. The trial court agreed and entered summary judgment for defendants.

■ Plaintiff's sole contention on appeal is that §13–21–202, C.R.S.1998, does not require the decedent to have had a viable claim on the date of death as a condition precedent to a wrongful death action. We agree.

■ Our review of a summary judgment is *de novo, Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board,* 901 P.2d 1251 (Colo.1995), as is our review of the trial court's interpretation of a statute. *Regional Transportation District v. University of Colorado Hospital Authority,* 921 P.2d 56 (Colo.App.1996).

Section §13–21–202, C.R.S.1998, provides in pertinent part:

When the death of a person is caused by a wrongful act, neglect, or default of another, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable, if death had not ensued, shall be liable in an action for damages notwithstanding the death of the party injured.

■ This statute creates a cause of action for wrongful death separate and distinct from the action that the decedent would have had for personal injuries had he or she survived. It is not a survival statute. *Fish v. Liley,* 120 Colo. 156, 208 P.2d 930 (1949).

In *Fish,* the supreme court construed a wrongful death statute virtually identical to §13–21–202. It stated that the material condition precedent to the creation of a new cause of action in the survivors is that the wrongful act of the tortfeasor must be such as would have entitled decedent to maintain an action and recover damages therefor. The court held that if, at any time after the wrongful act of the tortfeasor, and by reason of the wrongful act, the decedent was entitled to maintain an action and as of that moment was able to recover damages, then the statutory action accruing to a survivor exists and is perfected upon the death of the decedent. And, this is true even if, as of the decedent's date of death, the decedent could not have maintained a personal injury action. Thus, the wrongful death statute contemplates the decedent's entitlement to bring an action at *any time,* and entitlement to damages at *any time* following the wrongful act of the tortfeasor. *See Fish v. Liley, supra.*

■ Here, under the agreed facts, the decedent was entitled to maintain an action for negligence against defendants at some point after the defendants' wrongful act and as of that moment could recover damages. Therefore, the condition precedent to the creation of a new cause of action in plaintiff was met, and the statutory action accruing to plaintiff was perfected upon the death of the decedent. *See Fish v. Liley, supra.* Accordingly, plaintiff was not barred from bringing a wrongful death action against defendants pursuant to §13–21–202, C.R.S.1998.

Defendants rely upon *Crownover v. Gleichman,* 38 Colo.App. 96, 554 P.2d 313 (1976), *aff'd,* 194 Colo. 48, 574 P.2d 497 (1977), in arguing that, if the decedent did not have a viable claim during his lifetime that he could have maintained but for his death, his survivors have no right of action for wrongful death. However, *Crownover* involved the statute of limitations for wrongful death actions, not, as here, conditions precedent to bringing such an action.

As defendants acknowledge, the statute of limitations is irrelevant in determining

whether the requirements of §13–21–202, C.R.S.1998, have been satisfied such that a plaintiff has a right of action. Unless such requirements are satisfied, a plaintiff has no wrongful death action. Hence, the statute of limitations is not implicated until it is determined that a plaintiff has a right to bring a wrongful death action in the first place.

Here, it is undisputed that plaintiff filed her action within the limitation period set forth in §13–21–204, C.R.S.1998, for wrongful death actions.

Defendants also rely upon *Sigman v. Seafood Limited Partnership,* 817 P.2d 527 (Colo.1991), to support their argument that, if the decedent did not have a viable claim that he could have maintained but for his death, his survivors have no right of action for wrongful death. However, *Sigman* is not determinative because there the decedent *never* had a viable claim because of a substantive prohibition against Dram Shop claims. Here, unlike in *Sigman,* the decedent was entitled to maintain an action for negligence against defendants at some time after the defendant's wrongful acts and as of that moment to recover damages.

Defendants also cite cases from other jurisdictions holding that, under their respective wrongful death statutes, there can be no cause of action for wrongful death unless the decedent had a viable claim against the wrongdoer *at the time of death. See Myers v. U.S.,* 162 F.Supp. 913 (N.D.N.Y.1958); *Malinowski v. Mullangi,* 223 Ill.App.3d 1037, 166 Ill.Dec. 365, 586 N.E.2d 323 (1991); *Edwards v. Fogarty,* 962 P.2d 879 (Wyo.1998). However, in *Fish v. Liley, supra,* the supreme court construed the Colorado wrongful death statute differently, as described above. That holding is binding on us.

The judgment is reversed, and the cause is remanded for further proceedings.

Judge CRISWELL and Judge VOGT concur.