**Karen PACHECO, Plaintiff–Appellant,**

**v.**

**Lawrence S. ALLEN, M.D.; Michael K. Miller, M.D.; Timothy R. Collins, M.D.; and Colorado Permanente Medical Group, P.C., Defendants–Appellees.**

**No. 00CA1624.**

Colorado Court of Appeals, Division I.

Sept. 13, 2001.

Certiorari Granted Sept. 23, 2002.

Law Offices of Gary S. Cohen, Gary S. Cohen, Christine Van Coney, Denver, CO, for Plaintiff–Appellant.

Pryor, Johnson, Montoya, Carney & Karr, P.C., Elizabeth C. Moran, Daniel M. Hubbard, Teresa L. Thrailkill, Englewood, CO, for Defendants–Appellees.

Opinion by Judge METZGER.

In this wrongful death action, plaintiff, Karen Pacheco, appeals the judgment confirming the arbitration award entered in favor of defendants, Lawrence S. Allen, M.D., Michael K. Miller, M.D., and Timothy R. Collins, M.D. (defendant physicians), and Colorado Permanente Medical Group, P.C. (CPMG), their employer. We reverse and remand for further proceedings.

Plaintiff's husband died following extended hospitalization for treatment of pancreatitis. Plaintiff subsequently commenced this wrongful death action, alleging that defendant physicians had been negligent in diagnosing and treating her husband.

The medical services at issue were provided by defendant physicians, who were employed by CPMG, a physician group that had contracted with Kaiser Foundation Health Plan of Colorado (Kaiser) to provide medical care to Kaiser enrollees. Kaiser's Medical and Hospital Service Agreement requires arbitration of Medical Malpractice Claims:

> It is understood that any claim of medical malpractice, including any claim that medical services were unnecessary or unauthorized or were improperly, negligently, or incompetently rendered or omitted, will be determined by submission to binding arbitration in accordance with the provisions of the "Uniform Arbitration Act of 1975", part 2 of article 22 of title 13, Colorado Revised Statutes, and not by a lawsuit or resort to court process except as Colorado law provides for judicial review of arbitration proceedings . . . .

Defendants filed a motion to compel plaintiff to submit to binding arbitration, as required by her husband's agreement with Kaiser. Plaintiff objected. The trial court granted the motion, and the case was arbitrated.

After the arbitrator entered an award in favor of defendants, plaintiff filed a motion to

vacate the award, alleging that no enforceable arbitration agreement existed. She also asked the court to reconsider its order compelling arbitration. This appeal follows the denial of her requests by the trial court, a different judge presiding.

Plaintiff contends the trial court erred in determining she was a party to the agreement and that, therefore, she was bound by its requirement that disputes must be arbitrated. We agree.

The agreement provides:

Claims ... shall be submitted to binding arbitration if the claim is asserted:

(a) By a Member, or by a Member's heir or personal representative, or by a person claiming that a duty to him or her arises from a Member's relationship with Health Plan, Hospitals or Medical Group incident to this Agreement ...

(b) For any reason, including, but not limited to, death, mental disturbance, bodily injury or economic loss arising from the rendition or failure to render services or the provision or failure to provide benefits under this Agreement or the consideration or defense of claims described in this Section,

(c) For monetary damages exceeding the jurisdictional limit of the Small Claims Court, and

(d) Against one or more of the following ...

   (i) Health Plan,

   (ii) Hospitals,

   (iii) Medical Group,

   (iv) Any Physician, or

   (v) Any employee or agent of the foregoing.

■ Because an arbitration agreement is a contract, a party cannot be required to submit a dispute to arbitration that he or she has not agreed to submit. *See Everett v. Dickinson & Co.*, 929 P.2d 10 (Colo.App. 1996). Similarly, a nonparty to an agreement containing an arbitration clause may not be compelled to use arbitration procedures. *See City & County of Denver v. District Court*, 939 P.2d 1353 (Colo.1997);

*see also Eychner v. Van Vleet,* 870 P.2d 486 (Colo.App.1993).

■ The record contains no evidence that plaintiff agreed to submit her claim to arbitration or that she signed the agreement. Thus, she is not a party to the agreement and is not bound by its terms.

■ Additionally, we conclude that plaintiff is not bound by the arbitration provision because she is not an "heir" of her husband. In wrongful death actions, that term refers only to lineal descendents of the deceased and not to a spouse. *See Hindry v. Holt,* 24 Colo. 464, 51 P. 1002 (1897); *Whitenhill v. Kaiser Permanente,* 940 P.2d 1129 (Colo. App.1997). Thus, the agreement's provision binding an heir does not apply to plaintiff.

Further, we note that plaintiff's wrongful death claim is not covered by the terms of the agreement.

■ Colorado law is clear that the cause of action created by the Wrongful Death Act, § 13–21–201, et seq., C.R.S.2001, is separate and distinct from the cause of action the deceased would have had for personal injuries had he survived. The Wrongful Death Act is not a survival statute. *Fish v. Liley,* 120 Colo. 156, 208 P.2d 930 (1949). Therefore, as a division of this court held in *Rowell v. Clifford,* 976 P.2d 363 (Colo.App.1998), even when the statute of limitations would have barred the decedent's personal injury claim as of the time of his death, the decedent's surviving spouse had a separate and viable wrongful death claim with its own statute of limitations.

Because plaintiff's cause of action for wrongful death here is wholly separate and distinct from any action her husband might have maintained, the arbitration provision is not applicable to her.

Finally, we reject defendants' assertions that the broad language of the agreement, which states that "claims ... by a member's heir ... for any reason ... against any physician" shall be submitted to binding arbitration, makes it applicable to plaintiff. The omission of the term "spouse," assuming one can bind the other, and the fact that a wrongful death action is wholly separate from a

claim for personal injuries are critical distinctions, which we cannot overlook. Moreover, even if we were to say that the agreement is ambiguous, we would be required to construe it against Kaiser as the drafter. *State Farm v. Stein,* 940 P.2d 384 (Colo.1997).

Nor do we agree with defendants that the decision in *Herbert v. Superior Court,* 169 Cal.App.3d 718, 215 Cal.Rptr. 477 (1985), compels a different result. There, the California court held that a decedent's spouse and adult children, none of whom had signed the agreement to arbitrate, were nevertheless bound by it. The court reasoned that nonsigning heirs should be bound by their decedent's agreement to arbitrate all disputes for the following reasons: (1) a single cause of action exists in the heirs for the wrongful death of a decedent; (2) a wrongful death action, in a practical sense, is derivative of a cause of action in the deceased; (3) it is unrealistic and impractical to require the signatures of all the heirs (who are not identified until the time of the decedent's death); (4) decedents can bind their heirs through contracts and wills; and (5) arbitration is neither an extraordinary procedure nor disadvantageous to the heirs.

Because an action under the Colorado Wrongful Death Act is not derivative of a cause of action in the deceased, *Fish v. Liley, supra; Rowell v. Clifford, supra,* this difference in the characterization of wrongful death actions renders the decision in *Herbert v. Superior Court, supra,* inapposite.

Consequently, the decedent's agreement with Kaiser does not apply to plaintiff, and the trial court erred in requiring her to arbitrate her claim.

In light of this disposition, it is unnecessary to address plaintiff's other contentions of error.

The judgment is reversed, and the case is remanded for further proceedings.

Chief Judge HUME and Judge ROY, concur.