John **STACKHOUSE** and William Tomlinson, Plaintiffs–Appellants,

v.

**SCHOOL DISTRICT NO. 1, COUNTY OF DENVER**, Board of Education of the School District No. 1, County of Denver, State of Colorado, Defendants–Appellees.

No. 95CA0592.

Colorado Court of Appeals, Div. III.

May 2, 1996.

Law Offices of Jeffrey I. Sandman, Jeffrey I. Sandman, Aurora, for Plaintiffs–Appellants.

Semple & Jackson, P.C., Martin Semple and Franklin A. Nachman, Denver, for Defendants–Appellees.

Opinion by Judge NEY.

Plaintiffs, John Stackhouse and William Tomlinson, appeal the summary judgment entered in favor of defendants, School District No. 1 and the Board of Education of that District, (collectively the Board). We affirm the trial court's determination that § 22–63–202(2)(a), C.R.S. (1995 Repl.Vol. 9), is constitutional and reverse the summary judgment in favor of defendants.

Plaintiffs Stackhouse and Tomlinson were employed by the Board as teachers until each voluntarily resigned from his position in August 1991 and August 1992, respectively.

Relying upon the statutory provision now codified as § 22–63–202(2)(a) the Board deducted $1,000 from each of plaintiffs' final paychecks allegedly as compensation for its actual expenses related to recruiting, interviewing, and training replacement teachers.

Section 22–63–202(2)(a), as then in effect, provided:

> Every employment contract executed pursuant to this section shall contain a damages provision. Pursuant to said provision, a teacher ... shall agree to pay damages to the school district, and the board thereof shall be authorized to collect or withhold damages from compensation due or payable to said teacher ... in an amount up to and including one-twelfth of the annual salary specified in said employment contract. Said damages shall be paid by the teacher ... unless the teacher ... has given written notice to the board thereof on or before July 15 that he will not fulfill the obligations of his contract during the succeeding academic year .... Said damages shall not exceed ordinary and necessary expenses of a board to secure the services of a suitable replacement teacher ....

These terms were incorporated into plaintiffs' employment contracts.

At the time each plaintiff tendered his resignation, Article 30–1–2 of the collective bargaining agreement then in effect between the teachers' union to which plaintiffs belonged, the Denver Classroom Teachers Association, and the Denver Public School System provided:

> New teachers will be paid *up to* an additional $750.00 for orientation days under Article 8–2 and for thirty-five (35) hours of inservice in addition to regular inservice for other new teachers.

(emphasis supplied)

Plaintiffs filed this action in June 1993, alleging breach of contract and violation of § 22–63–202(2)(a), the Fourteenth Amendment, and Colo. Const. art. II, § 25.

The Board successfully moved for summary judgment. In its order, the trial court noted that there was no dispute that plaintiffs' notices of resignation were tendered after July 15, and, concluding that the Board was not required to "justify or mitigate" the amount it deducted from plaintiffs' final paychecks, the trial court entered summary judgment in favor of the Board because there was no genuine issue of material fact as to plaintiffs' claims of breach of contract and violation of § 22–63–202(2)(a).

The trial court also determined that a teacher who voluntarily resigns his or her position is not deprived of a property interest protected by due process and thus, plaintiffs had failed to prove beyond a reasonable doubt that § 22–63–202(2)(a) was unconstitutional. This appeal followed.

## I

Plaintiffs contend that § 22–63–202(2)(a) is unconstitutional because it permits their property to be taken without due process. We do not agree.

Plaintiffs contend that their property interest in receiving the full amount of their final paychecks entitled them to an administrative hearing to determine the amount of the ordinary and necessary expenses incurred by the Board in finding their replacements prior to any deductions being made from their pay.

■ Under certain circumstances, an individual's due process rights may be satisfied after the individual has been deprived of property. *See First Bank v. Department of Regulatory Agencies*, 852 P.2d 1345 (Colo.App.1993) (post-deprivation hearing may satisfy due process requirements depending upon the private interest affected by the official action, the risk of an erroneous deprivation of that interest and the probable value, if any, of additional procedural safeguards, and the government's interest, including the physical and administrative burdens that the additional procedural requirements would entail).

■ Because judicial remedies such as an action for breach of contract are available to plaintiffs to resolve disputes concerning the Board's deductions under § 22–63–202(2)(a), we conclude that the statute need not provide pre-deprivation administrative procedures for such disputes.

Therefore, we perceive no error in the trial court's conclusion that plaintiffs failed to establish that § 22–63–202(2)(a) is unconstitutional beyond a reasonable doubt.

## II

Plaintiffs next contend that the trial court erred in entering summary judgment in favor of the Board because the issue of the amount of ordinary and necessary expenses incurred by the Board in replacing plaintiffs was disputed. We agree.

Plaintiffs do not contend that orientation and inservice training are not, *per se*, ordinary and necessary expenses incurred by the Board in securing suitable replacement teachers. Rather, plaintiffs maintain that the Board's deduction of $1,000 exceeded its actual expenses and that the disputed evidence concerning the amount of the Board's expenses warranted an evidentiary hearing and precluded the entry of summary judgment.

■ In its December 1993 response to plaintiffs' first set of interrogatories and request for production of documents, the Board stated that the supervisor who had reviewed applicant files, interviewed applicants, and provided orientation to the replacement teachers did not receive payment in addition to her annual salary for these duties. However, the Board indicated in its response to plaintiffs' second set of interrogatories that it incurred a total of $180.20 in administrative expenses, including clerical assistance, for each of plaintiffs' replacements.

In their July 1994 response to plaintiffs' second set of interrogatories and request for production of documents, the Board asserted that it paid plaintiff Tomlinson's replacement only $256.50 for inservice training or orientation pursuant to Articles 30–1–2 and 8–2. However, in an exhibit attached to the Board's motion for summary judgment, the board asserted that it expended a total of $1,186.70 in replacing plaintiff Tomlinson.

The exhibit, which purports to be an itemized list of the Board's expenses, indicates that the Board expended $256.50 for teacher orientation plus $750 for additional inservice training under Article 30–1–2 of the collective bargaining agreement.

The Board's response to plaintiffs' second set of interrogatories and request for production of documents indicated that it paid plaintiff Stackhouse's replacement $247.14 for orientation pursuant to Article 8–2 and made no payment for additional inservice training under Article 30–1–2.

The Board states in its brief on appeal that the $1,000 it deducted from each of the plaintiffs' final paychecks represents the average amount of expenses it incurs in replacing a teacher who resigns under the circumstances contemplated by § 22–63–202(2)(a).

We conclude, based in part upon the Board's reference to an expense of $750 for additional inservice training, that the Board erroneously deducted the maximum amount allowed under Article 30–1–2 without having proven that it actually incurred such expense. We construe § 22–63–202(2)(a) to require the Board to prove that the amount it withholds does not exceed the ordinary and necessary expenses incurred in securing a suitable replacement for a particular teacher. Accordingly, we reject the Board's assertion that it may withhold an amount estimated to cover the average training and orientation expenses.

Because the record before the trial court contained a disputed issue of fact as to whether the deductions made by the Board exceeded its ordinary and necessary expenses, the summary judgment entered in favor of the Board was error. *See Cung La v. State Farm Automobile Insurance Co.,* 830 P.2d 1007 (Colo.1992) (entry of summary judgment is error where material issues of fact exist).

Therefore, we affirm the trial court's determination that § 22–63–202(2)(a) is constitutional and reverse the summary judgment in favor of defendants, and the cause is remanded for the determination of the actual expenses incurred by the Board in replacing plaintiffs.

PLANK and ROY, JJ., concur.