Mary **KLINGER**, Plaintiff–Appellant,

v.

**ADAMS COUNTY SCHOOL DISTRICT NO. 50 and Board of Education of Adams School District No. 50, Defendants–Appellees.**

No. 03CA1754.

Colorado Court of Appeals,
Div. IV.

Oct. 7, 2004.

Certiorari Granted March 21, 2005.

Charles F. Kaiser, Martha R. Houser, Gregory J. Lawler, Sharyn E. Dreyer, Cathy L. Cooper, Denver, Colorado, for Plaintiff–Appellant.

Semple, Miller & Mooney, P.C., Martin Semple, Melissa Mequi, Denver, Colorado, for Defendants–Appellees.

ROY, J.

In this action against Adams School District No. 50 and its Board of Education (collectively the district) to recover compensation withheld to offset the costs of hiring a replacement teacher, Mary Klinger (teacher) appeals the judgment permitting the district to claim as expenses the salaries of district employees who worked to find the replacement. We affirm.

Teacher was employed by the district for the 2001–2002 school year, beginning August 20, 2001, pursuant to an annually renewing employment contract. On August 10, 2001, the district received a letter of resignation effective immediately. The employment contract provided, in pertinent part:

If the Teacher abandons, breaches, or otherwise refuses to perform services for the District pursuant to the terms of this Agreement, the District shall be entitled to recover from the Teacher all damages provided by law, including, but not by way of limitation, the right to recover damages in securing the services of a suitable replacement teacher, not in excess of ½th of the Teacher's annual salary.

The contract incorporated by reference the provisions of § 22–63–202(2)(a), C.R.S.2003, which, in relevant part, states:

Every employment contract executed pursuant to this section shall contain a damages provision. Pursuant to said provision, a teacher ... shall agree to pay damages to the school district, and the board thereof shall be authorized to collect or withhold damages from compensation due or payable to said teacher ... in an amount up to one-twelfth of the annual salary specified in said employment contract. Said damages shall be paid by the teacher ... or withheld from the teacher's ... salary if said individual abandons, breaches, or otherwise refuses to perform services for said school district pursuant to the contract, unless the teacher ... has given written notice to the board thereof no later than thirty days prior to the commencement of the succeeding academic year that the teacher ... will not fulfill the obligations of said individual's contract during the succeeding academic year .... *Said damages shall not exceed ordinary and necessary expenses of a board to secure the services of a suitable replacement teacher ....*

(Emphasis added.)

In September 2001, pursuant to the contract and § 22–63–202(2)(a), the district informed teacher that it incurred costs totaling $1,569.50 and had withheld $1,426.50, one-twelfth of her net annual salary, payable August 30, 2001. It later provided an itemized breakdown of its costs: $133.50 for advertising and recruitment activities; $1,389 for the salaries of district employees who conducted interviews for teacher's replacement; and $47 for third parties' activities related to replacing teacher.

Teacher filed a complaint, alleging a breach of contract and a violation of § 22–63–202(2)(a). Prior to trial, the parties' stipulated, inter alia, as follows:

The parties stipulate that the [district] did perform all of the activities described in

the Itemized Cost of Replacement for [teacher], that the itemized costs are accurate calculations by the [district], and that the itemized activities were necessary and ordinary to recruit a[nd] hire a replacement teacher. However, the parties do not agree on whether the costs asserted by the [district] for these activities constitute "expenses" within the meaning of § 22–63–202(2)(a) . . . .

During the subsequent jury trial, the only witnesses were teacher and the district human resources director. The director testified that the district did not specifically advertise for the replacement position, that the employees conducting the interviews were not paid overtime for their work in finding teacher's replacement, and that no substitute teachers were hired to cover classes for those employees when they were conducting interviews.

At the close of the director's testimony, teacher moved for a directed verdict, arguing that as a matter of law, "expenses" in § 22–63–202(2)(a) means out-of-pocket expenses and, therefore, the allowable expenses were limited to $47. The court denied the motion, stating that the jury must determine the "ordinary and necessary expenses" to secure a suitable replacement teacher.

The jury then awarded teacher $133.50, presumably based on the director's testimony that the district did not specifically advertise for the replacement position but hired from an existing pool of applicants. This appeal followed.

■ Teacher contends that the trial court erred in not granting her motion for directed verdict because the term "expenses" in § 22–63–202(2)(a) means out-of-pocket costs. We disagree.

■ Where, as here, there is no dispute as to the facts and the motion for directed verdict merely addresses the legal significance of the undisputed facts, the appellate court may make an independent determination of the issue. *Evans v. Webster*, 832 P.2d 951 (Colo.App.1991); *see also Lakeview Assocs., Ltd. v. Maes*, 907 P.2d 580 (Colo.1995). Here, the issue turns on the meaning of "ordinary and necessary expenses." Our re-

view of a trial court's interpretation of a statute is de novo. *Rowell v. Clifford*, 976 P.2d 363 (Colo.App.1998).

In construing statutes, courts must give effect to the intent giving rise to the legislation. Courts primarily look to the statutory language itself, giving words and phrases their commonly accepted and understood meaning. If the statutory language is unambiguous, there is no need to resort to interpretive rules of statutory construction. *Resolution Trust Corp. v. Heiserman*, 898 P.2d 1049 (Colo.1995); *see Reg'l Transp. Dist. v. Voss*, 890 P.2d 663 (Colo.1995). Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly. Section 2–4–101, C.R.S.2003; *see Resolution Trust Corp. v. Heiserman, supra; Midboe v. Indus. Claim Appeals Office*, 88 P.3d 643 (Colo.App.2003).

Section 22–63–101, et seq., C.R.S.2003, does not define the term "ordinary and necessary expenses." *See* § 22–63–103, C.R.S. 2003 (definitions provision). In addition, no Colorado appellate court has defined "ordinary and necessary expenses" in this context. *See Stackhouse v. Sch. Dist. No. 1*, 919 P.2d 902 (Colo.App.1996).

The term "ordinary and necessary expenses" is used four times in Colorado statutes and several times in federal statutes. The most common contexts are (1) the computation of taxable income for tax purposes or net income for child support purposes, *see* 26 U.S.C. §§ 162, 212; § 14–10–115, C.R.S. 2003; and (2) the reimbursement of expenses incurred by an employee or agent, *see, e.g.*, 2 U.S.C. § 127b(a)(reimbursement of a member of Congress for the use of his or her private phone for official business); § 20–1–201(1)(c), C.R.S.2003 (reimbursement of expenses incurred by an uncompensated special deputy district attorney). In the determination of net or taxable income, salaries of employees are included in "ordinary and necessary expenses." *See* 26 U.S.C. § 162(a)(1). The term is not generally used for determining damages.

■ In the damages context, the term generally used is "overhead." "Overhead"

has been defined as "the continuous expenses of the business, irrespective of the outlay on a particular contract." *Grand Trunk W. R.R. v. H.W. Nelson Co.*, 116 F.2d 823, 839 (6th Cir.1941); *see also* S.R. Shapiro, Annotation, *Overhead Expense as Recoverable Element of Damages*, 3 A.L.R.3d 689, 691 (1965); *Black's Law Dictionary* 1129 (7th ed.1999). In those instances in which the defendant is responsible for the plaintiff incurring or wasting reasonably foreseeable overhead expenses, it is generally agreed that the plaintiff can recover those expenses if they can be appropriately allocated. *See* Shapiro, *supra*, 3 A.L.R.3d at 692. Overhead certainly includes the ongoing cost of those employees whose regular duties are interrupted in order to select a replacement teacher.

Here, the question is not whether "ordinary and necessary expenses" can be recovered; § 22–63–202(2)(a) resolves that issue. Rather, the question is whether salaries are included within the meaning of that term. Based on the foregoing authorities, we conclude that they are.

Having so concluded, we need not address teacher's arguments that the trial court should have instructed the jury (1) that the term "ordinary and necessary expenses" was limited to expenditures over and above the district's fixed costs or to expenses the district would not have incurred but for the resignation and (2) that the district had the burden of proof on its affirmative defenses. In any event, the first instruction would have been incorrect, and the second would have been unnecessary because the district did not assert any affirmative defenses.

Therefore, the trial court did not err in denying teacher's motion for directed verdict.

Accordingly, the judgment is affirmed.

Judge LOEB and Judge NEY concur.